# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.

JOHN R. MCKOWEN

    Plaintiff,

v.

GREG HARRINGTON,

TWO RIVERS FARMS F-2, INC.,

TWO RIVERS WATER & FARMING COMPANY,

TR CAPITAL PARTNERS, LLC,

WAYNE HARDING,

THE STATE OF COLORADO,

COLORADO ATTORNEY GENERAL PHILIP WEISER,

COLORADO SECURITIES COMMISSIONER TUNG CHAN,

JOHN DOES 1-10 (UNKNOWN CO-CONSPIRATORS),

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES FOR VIOLATION OF FEDERAL SETTLEMENT ORDER, UNCONSTITUTIONAL LAWFARE, DUE PROCESS VIOLATIONS, TAKINGS CLAIMS, AND DAMAGES**

COMES NOW, Plaintiff John R. McKowen, and respectfully moves this Honorable Court to enforce the Paulson Settlement Agreement, declare the ongoing bankruptcy proceedings fraudulent and unlawful, enjoin Defendants from further misuse of the bankruptcy system to circumvent a binding federal settlement order, and redress violations of due process, unconstitutional lawfare, and improper governmental takings. Plaintiff further seeks damages and any other relief the Court deems just and proper.

**I. INTRODUCTION**

1. The Paulson Settlement Agreement, approved by this Court in Case No. 19-cv-02639-PAB-NYW, expressly barred and released claims arising from the GrowCo Offerings conducted between October 2014 and December 2017.

2. Defendants Two Rivers Farms F-2, Inc. ("TRF-F2"), Two Rivers Water & Farming Company ("Two Rivers"), TR Capital Partners, LLC ("TR Capital"), Greg Harrington, the State of Colorado, the Colorado Attorney General, the Colorado Securities Commissioner, and unknown co-conspirators (John Does 1-10) have fraudulently used bankruptcy proceedings to circumvent this settlement and attack the vested rights of released parties.

3. Defendants have conspired to enable Greg Harrington and affiliated entities to file bankruptcy proceedings and adversary claims through a demonstrably factually fraudulent stipulation, directly contradicting the Paulson Settlement, using the bankruptcy court as a mechanism to relitigate settled matters and undermine the enforcement of a federal court order, thereby constituting an abuse of process.

4. The State of Colorado, through the Attorney General's Office and the Securities Commissioner, actively participated in drafting and enforcing the fraudulent Stipulation that underlies the bankruptcy abuse.

5. While this Court previously ruled that the Colorado Securities Commissioner was not a party to Paulson, it has never ruled that the State of Colorado could use proxies, such as Greg Harrington and manipulated bankruptcy filings, to circumvent the Paulson Settlement.

6. Greg Harrington, Two Rivers Farms F-2, Inc., Two Rivers Water & Farming Company, TR Capital Partners, LLC, and Wayne Harding were all parties to the Paulson Settlement Agreement. Their misuse of bankruptcy proceedings and fabricated stipulations constitutes a direct violation of that federal court order. Despite this, the State of Colorado, acting through

the Attorney General and Securities Commissioner, has participated in and facilitated these actions, making them complicit in undermining federal court authority, depriving Plaintiff of due process, and engaging in unconstitutional takings.

7. The State of Colorado's involvement in these proceedings constitutes unconstitutional lawfare, violating due process rights and amounting to an unlawful taking of property interests without just compensation in violation of the Fifth and Fourteenth Amendments.

8. Plaintiff reserves the right to amend this Complaint to name additional defendants upon further discovery of the full scope of the conspiracy to defraud and circumvent the Paulson Settlement through bankruptcy abuse.

9. The bankruptcy proceedings must be stopped immediately to prevent further harm to Plaintiff and other creditors.

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction pursuant to:

    • 28 U.S.C. § 1331 (federal question jurisdiction)

    • 42 U.S.C. § 1983 (civil rights violations)

    • 28 U.S.C. § 2201 (declaratory judgment jurisdiction)

11. This Court expressly retains jurisdiction over the enforcement of the Paulson Settlement Agreement, (Exhibit 1) as stated in the Final Order Approving Settlement in Case No. 19-cv-02639-PAB-NYW. The settlement terms include a Complete Bar Order preventing further litigation over claims related to GrowCo securities, except for enforcement of the settlement itself.

12. As a result, Defendants' attempts to relitigate these matters through bankruptcy proceedings or other legal mechanisms constitute a direct violation of the jurisdiction this Court retains

over the Paulson Settlement Agreement. The United States District Court for the District of Colorado is the only proper venue for resolving disputes arising from the enforcement of the Paulson Settlement Order.

### III. FACTUAL BACKGROUND

A. The Paulson Settlement Agreement (Federal Case No. 19-cv-02639-PAB-NYW)

13. The Paulson Settlement Agreement (Exhibit 1) was executed on October 7, 2020, barring any further claims related to GrowCo's securities offerings.

14  The settlement applied to GrowCo Partners 1, LLC, Two Rivers, TR Capital, and all affiliated entities and officers during the class period.

15. The settlement included a Complete Bar Order, permanently preventing further claims against released parties.

B. Fraudulent Use of Bankruptcy to Bypass the Paulson Settlement

16. On December 6, 2023, Two Rivers Farms F-2, Inc. filed for Chapter 11 bankruptcy (Exhibit 3, Case No. 23-15627-KHT).

17. On May 22, 2024, TRF-F2 filed an Adversary Proceeding (Exhibit 4, Case No. 24-01111-KHT), naming Plaintiff and others as defendants.

18. The Adversary Proceeding seeks to relitigate claims that were explicitly released under Paulson.

19. Defendants Harrington and Harding colluded to fabricate a fraudulent stipulation (Exhibit 2) that contradicts the Paulson Settlement and improperly seeks to strip property rights from Plaintiff and other investors.

5

20. The State of Colorado, through its Attorney General's Office and the Securities Commissioner, played an active role in drafting, enforcing, and legitimizing the Factually Fraudulent Stipulation (Exhibit 2) that libeled Plaintiff and facilitated the misuse of bankruptcy.

21. The full scope of this fraudulent scheme may involve additional parties yet to be identified, necessitating further discovery.

22. After the Paulson Settlement, Defendants executed the Vaxa Transaction to transfer key assets out of Two Rivers' control and into Harrington's hands, removing them from Plaintiff's secured property interests (Exhibit 5, Huerfano County CO 404224). This followed Two Rivers' fraudulent failure to maintain public disclosures, allowing Defendants to conceal material transactions from creditors and investors. Defendants then used bankruptcy proceedings to extinguish secured claims, circumventing obligations under Paulson and engaging in an orchestrated scheme to strip assets while abusing the legal process.

## IV. LEGAL CLAIMS

### COUNT I – DECLARATORY JUDGMENT TO ENFORCE FEDERAL SETTLEMENT ORDER (28 U.S.C. § 2201)

23. Plaintiff incorporates all prior allegations by reference.

24. The Paulson Settlement Agreement is a binding federal court order that supersedes any conflicting bankruptcy claims.

25. Defendants' actions violate res judicata and collateral estoppel, as they attempt to relitigate settled claims.

26. Plaintiff seeks a declaratory judgment affirming the Paulson Settlement's enforceability and prohibiting Defendants from further violations.

**COUNT II – INJUNCTIVE RELIEF AGAINST BANKRUPTCY ABUSE & LAWFARE (FRCP Rule 65)**

27. Plaintiff incorporates all prior allegations by reference.

28. Defendants have engaged in a strategy of abusive litigation and fraudulent bankruptcy filings to circumvent a binding federal settlement.

29. Plaintiff requests a permanent injunction prohibiting Defendants from using bankruptcy proceedings to evade legal obligations.

**COUNT III – VIOLATION OF DUE PROCESS RIGHTS (42 U.S.C. § 1983)**

30. Plaintiff incorporates all prior allegations by reference.

31. Defendants, acting under color of state law, deprived Plaintiff of vested property rights without due process.

32. This unconstitutional deprivation violates the Fifth and Fourteenth Amendments.

**COUNT IV – UNCONSTITUTIONAL TAKING WITHOUT JUST COMPENSATION (Fifth & Fourteenth Amendments)**

33. Plaintiff incorporates all prior allegations by reference.

34. Defendants' actions resulted in the unlawful taking of Plaintiff's property interests in violation of the Takings Clause.

35. Plaintiff seeks just compensation for the unconstitutional taking of property.

**COUNT V – FRAUDULENT MISREPRESENTATION & ABUSE OF PROCESS**

36. Plaintiff incorporates all prior allegations by reference.

37. Defendants knowingly made fraudulent misrepresentations in the Stipulation to manipulate bankruptcy proceedings.

38. Plaintiff seeks damages for Defendants' abuse of the legal system to unlawfully strip property rights.

**COUNT VI – DEFAMATION (LIBEL) BASED ON FALSE STIPULATION**

39. Plaintiff incorporates all prior allegations by reference.

40. Defendants published false statements in the Stipulation, which are defamatory per se, as they accuse Plaintiff of fraudulent conduct.

41. Defendants acted with actual malice, intending to harm Plaintiff's reputation and business interests.

42. Plaintiff seeks compensatory and punitive damages for defamation.

**VII. EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

43. Plaintiff incorporates all prior allegations by reference.

44. Plaintiff seeks an immediate Temporary Restraining Order (TRO) under Federal Rule of Civil Procedure 65(b) to halt Defendants' ongoing fraudulent bankruptcy actions, including their misuse of bankruptcy proceedings to relitigate claims expressly barred by the Paulson Settlement Agreement. These actions directly harm Plaintiff's property interests, depriving Plaintiff of secured rights while circumventing a federal court order.

45. The Court should grant a TRO because:

    (a) Immediate and Irreparable Harm – Defendants' fraudulent filings and asset manipulations deprive Plaintiff of secured property rights, causing harm that cannot be undone through monetary damages alone.

    (b) Likelihood of Success on the Merits – The Paulson Settlement Agreement, a federal court order, prohibits Defendants' actions, making Plaintiff's case highly likely to succeed.

    (c) Balance of Equities Favors Plaintiff – Plaintiff faces severe, ongoing harm, while Defendants have no legitimate right to evade an existing federal settlement.

(d) Public Interest Supports an Injunction – Protecting the integrity of federal court orders and preventing abuse of the bankruptcy system serves the public interest.

46. Plaintiff also seeks a Preliminary Injunction under FRCP 65(a) to maintain the TRO's protections until final resolution of this matter.

47. Accordingly, Plaintiff requests that the Court:

(a) Issue a Temporary Restraining Order (TRO) immediately to halt Defendants' actions.

(b) Schedule a Preliminary Injunction Hearing at the earliest available time.

(c) Order Defendants to Show Cause why a Preliminary Injunction should not be granted pending final resolution of this matter.

## VIII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

1. Enforce the Paulson Settlement Agreement and declare all bankruptcy claims barred.

2. Issue an injunction halting Adversary Proceeding No. 24-01111-KHT (Exhibit 4) and related bankruptcy actions.

3. Declare that Defendants' misuse of the bankruptcy process constitutes fraud, unconstitutional lawfare, a violation of due process, and an unlawful taking of property rights in violation of the Fifth and Fourteenth Amendments.

4. Award actual and punitive damages, attorney's fees, and any further relief this Court deems appropriate.

Respectfully submitted,

March 3, 2025

John R. McKowen

*/ John R. McKowen /*
John R. McKowen

9

Plaintiff
C/O VetaNova Inc
2831 St Rose Parkway, Suite 200
Henderson, NV   89052
(303) 248-6883
john@johnmckowen.com

10

**EXHIBIT LIST**

The following exhibits are attached in support of Plaintiff's Complaint:

• **Exhibit 1 – Paulson Settlement Agreement**

*(Filed in Case No. 19-cv-02639-PAB-NYW, demonstrating this Court's continuing jurisdiction.)*

• **Exhibit 2 – Fraudulent Stipulation**

*(Document used by Defendants to improperly relitigate settled claims through bankruptcy.)*

• **Exhibit 3 – Farms F-2 Bankruptcy Petition**

*(Chapter 11 filing by Two Rivers Farms F-2, Inc. as part of Defendants' fraudulent scheme.)*

• **Exhibit 4 – Adversary Proceeding No. 24-01111**

*(Filed by Defendants in an attempt to nullify the Paulson Settlement.)*

• **Exhibit 5 – Huerfano County CO Deed of Trust 404224**

*(Confirming Plaintiff's secured property interests and demonstrating fraudulent conveyances.)*

11