**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00708-PAB-NRN

JOHN R. MCKOWEN,

Plaintiff,

-v-

GREG HARRINGTON, et al.,

Defendants.

---

**DEFENDANT CHARLES F. KIRBY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)**

---

Defendant Charles F. Kirby ("Kirby") respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), for the dismissal of the claims asserted against him by Plaintiff John R. McKowen ("McKowen"), in his Amended Complaint (Docket ("Doc.") No. 49). In support of this Motion, Kirby states:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), and Judge Brimmer's Practice Standard §§ 2(a) and 2(b) undersigned counsel for Kirby attempted to confer with Plaintiff John McKowen by email on September 5, 2025, and September 7, 2025. Specifically, undersigned counsel sent McKowen three emails on September 5, 2025, and September 7, 2025, seeking to confer on the Motion and obtain Plaintiff's position on the same. McKowen failed to respond to any of the undersigned's conferral emails. As a result, counsel for Defendant Kirby does not know Plaintiff McKowen's position on this Motion.

1. McKowen filed his original Complaint on March 3, 2025 (Doc. No. 1), and his Amended Complaint on May 13, 2025 (Doc. No. 49). Kirby was not named as a Defendant in the original Complaint, but was added as a Defendant in the Amended Complaint ("Am. Comp.").

2. Other than in the Amended Complaint's caption, the only reference to Kirby is in Paragraph 21, describing Kirby in the "Parties" section as follows:

> **"Charles F. Kirby — Era 2; Era 3** - Barred securities professional who used proxies to raise and redirect funds. On information and belief, supported the Vaxa transaction knowing Harrington's record."

(Bold in original.)

3. Kirby is not specifically referenced in the Amended Complaint's "Factual Background" section (¶¶ 25-69). Kirby is not specifically referenced in Plaintiff's Count I (alleging "Violation of Due Process — Denial of Notice and Hearing (42 U.S.C. § 1983)"); Count II (alleging "Violation of Equal Protection — Selective Enforcement (42 U.S.C. § 1983)"); Count III (alleging "Retaliation for Protected Activity (42 U.S.C. § 1983)"); Count IV (alleging "Civil Conspiracy to Deprive Constitutional Rights (42 U.S.C. § 1983 and § 1985)"); Count V (alleging "Fraud and Constructive Fraud (State Law)"); Count VI (seeking "Declaratory Relief — Invalidity of Stipulation, Bankruptcy Filings, and Adversary Proceedings"); or in Count VII (alleging "CIVIL RICO (18 U.S.C. §§ 1962(c), 1962(d))").

Because of its complete lack of allegations as to Kirby's purported wrongdoing, the Amended Complaint fails to state a claim against Kirby and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

4. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *Re/Max, LLC v. Motto Franchising, LLC,* 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting **[*5]** *Twombly,* 550 U.S. at 555) (alterations omitted). A court does not need to accept conclusory allegations. *See, e.g., Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.")

5. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotations and alterations omitted); *see also Khalik,* 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly,* 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik,* 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson,* 534 F.3d at 1286 (alterations omitted).

6. The heightened pleading standard of Fed. R. Civ. P. 9(b) requires that, in alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ.

P. 9(b); *see Barrett v. Tallon,* 30 F.3d 1296, 1300 (10th Cir. 1994) (Rule 9(b) applies to common law fraud claims brought in federal court);*Tal v. Hogan,* 453 F.3d 1244, 1263 (10th Cir. 2006). The purpose of this requirement "is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based," to "safeguard[] defendant's reputation and goodwill from improvident charges of wrongdoing," and "to inhibit the institution of strike suits." *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 987 (10th Cir. 1992) (quotation omitted). A complaint alleging or based on fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *George v. Urb. Settlement Servs.,* 833 F.3d 1242, 1254 (10th Cir. 2016) (quoting *Koch v. Koch Indus*., 203 F.3d 1202, 1236 (10th Cir. 2000)). The purpose of Rule 9(b) is "to afford a defendant fair notice of a plaintiff's claims and the factual grounds supporting those claims." *Id. at 1255* (internal quotations, alterations, and citation omitted).

7. A plaintiff cannot assert claims against defendants who are lumped together and fail to identify which defendants purportedly did what. *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013) (pleading undifferentiated allegations against multiple defendants fails to state a viable claim); A pleading that simply lumps defendants together without identifying who did what will fail to survive a motion to dismiss. *Thirsk v. Elder*, No. 21-cv-01205-WJM-NYW, 2022 U.S. Dist. LEXIS 53225, at *24-25 (D. Colo., Mar. 10, 2022) (Wang, Mag. J.), *adopted in Thirsk v. Elder*, 2022 U.S. Dist. LEXIS 55603 ("First, the original Complaint, which primarily contains sentences setting forth general theories of relief but no actual facts supporting any such theory, does not on its face state a claim for relief… Plaintiff's failure to attribute his allegations to either of the named Defendants renders these allegations deficient.") (internal citation omitted).

8. While a *pro se* plaintiff's "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer.* 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997)). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett,* 425 F.3d at 840 (quoting *Hall,* 935 F.2d at 1110).

9. "Complaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter,* 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) (quoting *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999)). Kirby submits that , given the substance and subject matter of McKowen's first two Complaints' allegations against the original Defendants, dismissal of the claims against Kirby with prejudice would be appropriate because it would be futile to afford McKowen another opportunity to amend further his complaint. *See id.*

10. McKowen's Count I is for "Violation of Due Process — Denial of Notice and Hearing (42 U.S.C. § 1983)". (Am. Compl. ¶¶ 72-76.) In it and without in any way referencing Kirby, let alone alleging what Kirby did in violation of due process, McKowen alleges generally that "Defendants, acting under color of state law deprived Plaintiff of constitutionally protected property interests…without notice or hearing", and that "[t]he Stipulation[1] accepted by the State and used to authorize bankruptcy filings was not adjudicated, voted on, or authorized by any corporate governance procedure. Plaintiff was never provided opportunity to be heard". *Id.* at ¶¶

[1] The "Stipulation" is defined at Am. Compl. as more than $2 million ¶¶ 9 and 51.)

73-74.) To plausibly assert a claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. As written Count I has nothing whatsoever to do with Kirby; no facts are alleged that would make such claim plausible as against Kirby.

11. In addition to McKowen's failure to plead any factual allegations against Kirby under Count I, McKowen's § 1983 Violation of Due Process clam also fails because the Amended Complaint does not allege that Kirby acted under color of state law. The "under color of state law" requirement excludes purely private conduct, no matter how discriminatory or wrongful. To hold a private actor liable as a state actor, courts have applied various tests—such as the nexus test, public function test, joint action test, and symbiotic relationship test—all of which focus on whether the alleged deprivation of a federal right is fairly attributable to the State. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020). Here, McKowen alleges no facts suggesting that Kirby's conduct was attributable to the State or that Kirby otherwise acted under color of state law. Because the Amended Complaint lacks any allegations implicating Kirby in Count I, and further fails to establish the state-action element necessary for a § 1983 claim, Count I should be dismissed as to Kirby.

12. McKowen's Count II alleges "Violation of Equal Protection — Selective Enforcement (42 U.S.C. § 1983)". (Am. Compl. ¶¶ 77-80.) Again, as pled this claim does not reference Kirby, or appear to pertain to, let alone implicate Kirby. In it McKowen alleges that "Defendants, including the Colorado Attorney General's Office and the Colorado Securities Division, selectively enforced state power to pursue Plaintiff while actively protecting Greg Harrington…" Similarly to Count I, to assert a § 1983 claim the plaintiff must allege (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged violation

was committed by a person acting under color of state law. In addition to McKowen's failure to plead any factual allegations relating to Kirby under Count II, McKowen's § 1983 Equal Protection claim fails because it fails to allege that Kirby acted under color of state law. *See* ¶ 11. Since the Amended Complaint does not contain any allegations that would make Count II plausible as against Kirby – including, the lack of allegations implicating Kirby as well as the lack of allegations regarding Kirby acting under the color of state law – it should be dismissed.

13. McKowen's Count III is for "Retaliation for Protected Activity (42 U.S.C. § 1983)". (Am. Compl. ¶¶ 81-84.) Count III, similarly, requires the Plaintiff to allege the violation of a right under the Constitution and law of the United States and that the violation was committed by an individual under color of state law. As is the case with Counts I and II, neither Count III nor the Amended Complaint elsewhere makes any reference to Kirby or any allegations that would make it appear plausible that Kirby could be liable for retaliation under the 42 U.S.C. § 1983. ("It is not enough for the Complaint to lump the four named defendants… into the collective term "Defendants"…[T]he Complaint fails to identify specific actions taken by particular defendants that could form the basis of a constitutional violation.") (internal quotations omitted). This claim against Kirby should be dismissed. *See* ¶ 11.

14. McKowen's Count IV alleges "Civil Conspiracy to Deprive Constitutional Rights (42 U.S.C. § 1983 and § 1985)". (Am. Compl. ¶¶ 85-89.) Yet there is no reference in Count IV, or elsewhere in the Amended Complaint, that would implicate or even suggest that Kirby was part of the alleged civil conspiracy asserted in Count IV. In Am. Compl. ¶ 86, McKowen alleges that "Defendants Greg Harrington, TR Capital insiders, and public officers of the State of Colorado jointly conspired to execute a plan that deprived Plaintiff of constitutionally protected rights". To assert a conspiracy claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the

purpose of depriving any person or class of persons of equal protection of the laws or equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or a deprivation of any right or privilege of a citizen of the United States. 42 USCS § 1985. No reference is made to Kirby in Count IV, and nowhere else in the Amended Complaint are there any allegations that Kirby did any act in furtherance of the alleged conspiracy. *See* ¶ 11. The allegations of Count IV fail to tie Kirby in any way to the alleged conspiracy to deprive McKowen of "constitutionally protected rights". *See Estate of Beauford v. Mesa Cty.*, 35 F.4th 1248, 1273 (10th Cir. 2022) ("It is the [plaintiff's] burden under § 1983 to establish what each defendant actually did and how that act (or omission) violated [the plaintiff's] constitutional rights.") This claim against Kirby is not plausibly alleged and should be dismissed.

15. McKowen's Count V alleges "Fraud and Constructive Fraud (State Law)". (Am. Compl. ¶¶ 90-94.) The Count V allegations relate to alleged false representations and material admissions by Defendant Greg Harrington in drafting and executing the Stipulation, and against the State of Colorado, acting through the Attorney General's Office, also relative to the Stipulation that the State signed (*See,* Am. Compl. ¶¶ 91-92). To assert a fraud claim under Colorado law, the claimant must allege: "(1) that the defendant made a false misrepresentation of a material fact; (2) that the one making the representation knew it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff." To state a claim for fraud under Colorado law, a plaintiff must establish:

> (1) that the defendant made a false representation of material fact; (2) that the one making the representation knew that it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff.

*Moses v. Hovis,* No. 16-cv-01173-PAB-CBS, 2017 U.S. Dist. LEXIS 147367, 2017 WL 4012130, at *5 (D. Colo. Sept. 12, 2017) (quoting *Vinton v. Virzi,* 2012 CO 10, 2012 CO 10, 269 P.3d 1242, 1247 (Colo. 2012)). To state the fifth element, a plaintiff must separately establish "actual reliance, the reasonableness of that reliance, and that the plaintiff's reliance caused [his] damages." *Bristol Bay Prods., LLC v. Lampack,* 2013 CO 60, 312 P.3d 1155, 1160 (Colo. 2013).

For a constructive fraud claim, the plaintiff must allege: "(1) the existence of a duty due to a relationship between the parties; (2) violation of the duty by making deceptive material representations of past or existing facts or remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party proximately caused thereby; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party." *Barnett v. Elite Props. of Am.*, 252 P.3d 14, 24 (Colo. App. 2010).

There are no allegations in Count V, or elsewhere in the Amended Complaint, that specify, as required by Fed. R. Civ. P. 9(b), what Kirby allegedly said or did that would link him to the communion of fraud claim as alleged in Count V. *Robbins v. Okla. Ex re. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (Colo. App. 2008) (noting that it is important that a complaint "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her."); *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013) (pleading undifferentiated allegations against multiple defendants fails to state a viable claim). Plaintiff's fraud claim against Kirby lacks the requisite particularity required by Rule 9(b) and should be dismissed.

16. McKowen's Count VI is for "Declaratory Relief — Invalidity of Stipulation, Bankruptcy Filings, and Adversary Proceedings". (Am. Compl. ¶¶ 95-98.) McKowen seeks a declaratory judgment that the " 'Stipulation for Injunction and Other Relief' is void ab initio", that

the "Chapter 11 bankruptcies of Two Rivers Farms F-2 and Orlando Reservoir No. 2…are legally void," and that Bankruptcy "Adversary Proceeding No. 24-01111-KHT…violated the Paulson Settlement Agreement". *Id.* at ¶ 97. Pursuant to 28 U.S.C. § 2201, a court may declare the rights and legal relations of interested parties in a case of actual controversy within its jurisdiction. 28 USCS § 2201. The "actual controversy" requirement "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* Here, there is no "actual controversy" between Kirby and McKowen, nor adverse legal interests. Kirby was not, and is not alleged to be, a party to or involved in the referenced Bankruptcy actions and Adversary Proceedings. The declaratory relief requested in Count VI, as alleged does not relate in any way to Kirby; Count VI and the rest of the Amended Complaint make this clear. This claim should be dismissed because it is devoid of allegations supporting a plausible claim against Kirby and fails to allege a necessary element for a declaratory judgment action—the existence of an actual controversy between Kirby and McKowen.

17. McKowen's final claim, (Count VII), alleges a claim for "CIVIL RICO (18 U.S.C. §§ 1962(c), 1962(d))". (Am. Compl. ¶¶ 99-116.) While Count VII purports to be directed against "[e]ach Defendant", there is no allegation whatsoever in Count VII, or elsewhere in the Amended Complaint, that alleges what Kirby did to be liable under RICO, *i.e.,* allegations that would tie or link Kirby to an alleged "enterprise" and alleged "conspiracy to engage in racketeering activity". *See* generall*y id.* at ¶¶ 109-116.

To state a claim under § 1962(c), a plaintiff must allege: (1) conduct (2) of an enterprise (3)

through a pattern (4) of racketeering activity (5) causing injury to the plaintiffs business or property. 18 USCS § 1962. To state a claim under § 1962(d), a plaintiff must allege an agreement to violate RICO's substantive provisions. 18 USCS § 1962. McKowen's RICO claim is subject to the heightened specificity requirements of Rule 9(b). *Andrews v. Heaton*, 483 F.3d 1070, 1076 (upholding the trial court's dismissal of a pro se plaintiff's complaint for failing to allege RICO predicate acts based on fraud with specificity pursuant to Fed. R. Civ. P. 9(b)). McKowen does not allege any facts that would support a RICO claim against Kirby. Instead, Plaintiff's Count VII allegations are a repeat of his allegations relating generally to certain Defendants purportedly attempting to strip secured investor assets, relitigate barred claims, and diverting value through fabricated litigation – which throughout the Amended Complaint McKowen alleges occurred in connection with the "Stipulation for Injunction and Other Relief" and certain Bankruptcy proceedings. Walker v. Mohiuddin, 947 F.3d 1244, 1249-50 (10th Cir. 2020) (reversing the trial court's denial of a motion to dismiss where "none of the seventy-five allegations common to all counts in the complaint name [defendant] Mohiuddin or make clear exactly what he was alleged to have done…"); *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013) (pleading undifferentiated allegations against multiple defendants fails to state a viable claim). Count VII fails to specify, as required by Rule 9(b), what Kirby allegedly did to contribute to the enterprise as alleged in Count VII. The claim should be dismissed as against Kirby.

18. McKowen's Amended Complaint should be dismissed for failing to meet the Fed. R. Civ. P. 8 and 12(b)(6) plausibility standard, and the heightened particularity requirements of Fed. R. Civ. P. 9(b) relevant to McKowen's fraud-based claims (Counts V (fraud) and Count VII (RICO). Defendant Kirby respectfully request that the Court dismiss Plaintiff's Amended Complaint against him, and award Kirby his attorneys' fees and costs in filing this Motion.

DATED: September 8, 2025

/s/ Frank W. Visciano
*Frank W. Visciano*
Senn Visciano Canges P.C.
1700 Lincoln Street, #2100
Denver, CO 80203
Telephone: 303-298-1122
fvisciano@sennlaw.com

*Attorneys for Defendant Charles F. Kirby*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses and will also send via email and mail to both *Pro Se* parties:

Jeffrey R. Thomas,
3801 E Florida Ave, Ste 107
Denver, CO 80210
720-330-2805
jthomas@thomaslawllc.com
*Attorneys for Defendant Greg Harrington*

Jennifer M. McCallum
The McCallum Law Firm, PC
685 Briggs Street, Erie CO 80516
jmccallum@mccallumlaw.net
*Attorneys for Defendants Jeff Ploen and Wistar Morris*

Wayne Harding
22586 E. Weaver Drive
Aurora, CO 80016
wayne@wayneharding.com
*Pro Se Defendant*

John R. McKowen
2831 St. Rose Parkway, Suite 200Henderson, NV 89052
john@johnmckowen.com
*Pro Se Plaintiff*

Amy C. Colony
Senior Assistant Attorney General
Zach W. Fitzgerald
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Amy.Colony@coag.gov
Zach.Fitzgerald@coag.gov
*Attorneys for State Defendants State of Colorado, Colorado Attorney General Philip Weiser, First Assistant Attorney General Robert Finke, Senior Assistant Attorney General Jennifer Hunt and the Colorado Securities Commissioner Tung Chan*

*s/ Briana Paredes*
Briana Paredes