IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00708-PAB-NRN

JOHN R. MCKOWEN,

Plaintiff,

v.

GREG HARRINGTON,
TWO RIVERS FARMS F-2, INC.,
TWO RIVERS WATER & FARMING COMPANY,
TR CAPITAL PARTNERS, LLC,
WAYNE HARDING,
STATE OF COLORADO,
PHILIP WEISER, Attorney General,
TUNG CHAN, Securities Commissioner,
ROBERT FINKE,
JENNIFER HUNT,
INDIA KIDD-AARON,
I. WISTAR MORRIS,
SAM MORRIS,
CHARLES F. KIRBY,
JEFFREY PLOEN, and
JUSTIN YORK,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Emergency Motion for Stay of County

Treasurer's Deed Proceedings, Authorization to Execute Deed in Lieu Under Huerfano

County Deed of Trust 404224, and Court-Supervised Settlement for Paulson Investor

Defendants' Interests [Docket No. 197] filed by plaintiff,[1] which the Court construes as a motion for a preliminary injunction. Defendants the State of Colorado, Colorado Attorney General Philip Weiser, Colorado Securities Commissioner Tung Chan, First Assistant Attorney General Robert Finke, and Senior Assistant Attorney General Jennifer Hunt (collectively, the "State Defendants") filed a response, as did defendants Jeffrey Ploen and Wistar Morris. Docket Nos. 238, 249. Plaintiff filed a reply. Docket No. 243.

## I.    BACKGROUND

On May 13, 2025, plaintiff John McKowen filed an amended complaint in this case, bringing claims for "Violation of Due Process" pursuant to 42 U.S.C. § 1983, "Violation of Equal Protection" pursuant to § 1983, "Retaliation for Protected Activity," "Civil Conspiracy to Deprive Constitutional Rights" pursuant to §§ 1983 and 1985, "Fraud and Constructive Fraud," and "Civil RICO" pursuant to 18 U.S.C. § 1962. Docket No. 49 at 19-25. Plaintiff brings this action against the following defendants: Greg Harrington, Two Rivers Farms F-2, Inc., Two Rivers Water & Farming Company ("Two Rivers"), TR Capital Partners, LLC ("TR Capital"), Wayne Harding, the State Defendants, I. Wistar Morris, Sam Morris, Charles F. Kirby, Jeffrey Ploen, and Justin York. *See generally id.*

Plaintiff's claims arise out of a civil action filed against him and 21 other defendants, including Two Rivers and TR Capital, by Tung Chan, the Securities Commissioner for the State of Colorado. *Id.* at 16-18; *see Chan v. Two Rivers Water &*

---

[1] Because plaintiff is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Farming Co.*, Case No. 2021CV33922 (Denver Dist. Ct. Dec. 10, 2021).[2]  On May 5,

2023, Commissioner Chan, Two Rivers, and TR Capital entered a Stipulation for

Injunction and Other Relief that resolved the claims against Two Rivers and TR Capital

("the Stipulation").  *Chan*, Case No. 2021CV33922, Findings of Fact, Conclusions of

Law, and Judgment, at 6; *see* Docket No. 49-2.  Mr. Harrington, acting as Chief

Executive Officer of Two Rivers and Managing Member of TR Capital, signed the

Stipulation.  *See* Docket No. 49-2 at 7.  The court in *Chan* held a bench trial from July

10 to July 18, 2023.  *See Chan*, Case No. 2021CV33922, Findings of Fact, Conclusions

of Law, and Judgment, at 1.  Plaintiff proceeded to trial pro se.  *See id.* at 1-2.  On July

9, 2025, the court entered judgment, finding that plaintiff violated the Colorado

Securities Act.  *See Chan*, Case No. 2021CV33922, Order of Judgment.  The state

court judgment states that plaintiff is "enjoined from any participation in private

securities transactions in or from the state of Colorado for twenty (20) years from the

date of this Order" and entered judgment against the defendants, including plaintiff, in

the amount of $16,578,690.33.  *Id.* at 1.[3]

Plaintiff claims that defendants "misappropriat[ed] . . . investor capital through a

Ponzi-like scheme," improperly transferred "control of corporate assets," "misuse[d] a

---

[2] The Court takes judicial notice of the state court docket in Case No.
2021CV33922.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding
that a court may take judicial notice of facts which are a matter of public record when
considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d
1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of
documents and docket materials filed in other courts").

[3] On July 28, 2025, plaintiff filed a motion to "stay enforcement of the Colorado
judgment in Case No. 21CV33922."  Docket No. 140 at 14.  The Court denied this
motion.  Docket No. 193.

3

federally-approved settlement agreement . . . to suppress and eliminate preserved investor rights," and were involved in "unauthorized dissolution and asset redistribution." Docket No. 49 at 2, ¶ 1. Plaintiff seeks as relief compensatory damages for the "loss of secured enforcement rights, clouded title, destruction of investor capital, reputational injury, and the collapse of VetaNova, Inc. – a $65 million market capitalization public company," treble damages for "racketeering," punitive damages, restitution, and "restoration of Plaintiff's secured interests, including the GrowCo Deed of Trust (Reception No. 404224), and all related capital account rights." *Id.* at 26-27. He seeks a declaration that the Stipulation is void, the "bankruptcy filings and adversary proceedings based on that Stipulation are without legal force," and that plaintiff retains "enforcement rights under the Paulson Settlement and Colorado law." *Id.* at 26.

On August 13, 2019, John Paulson brought a securities class action against defendants Two Rivers, plaintiff, Wayne Harding, and Timothy Beall. *Paulson v. Two Rivers Water and Farming Co.*, Case No. 19-cv-02639-PAB-NRN, Docket No. 4. On September 19, 2019, plaintiff, who was then represented by counsel, removed the case to this Court from Denver District Court. *Id.*, Docket No. 1. On July 21, 2021, Mr. Paulson filed an unopposed motion for preliminary approval of a settlement, approval of notice to the class, preliminary certification of the class for the purposes of settlement, and appointment of class counsel ("motion for preliminary approval"). *Id.*, Docket No. 157. On January 19, 2022, the Court granted plaintiff's motion for preliminary approval. *Id.*, Docket No. 162. On April 29, 2022, the Court held a fairness hearing. *Id.*, Docket No. 176.

On March 15, 2023, the Court granted Mr. Paulson's motion for final approval of the settlement. *Id.*, Docket No. 178 at 17. In connection with the Settlement Agreement, the Court certified the Settlement Class as follows:

> [A]ll persons or entities that currently hold claims based on securities in GrowCo,[4] and purchased or otherwise acquired the securities through Offerings during the period of October 2014 through December 2017 (the "Class Period"), and suffered Alleged Losses as defined above. For the avoidance of doubt, persons or entities who purchased or otherwise acquired the securities during the Class Period and who have assigned the securities to VitaNova Partners, LLC are not excluded as Class Members by virtue of such assignment. Excluded from the Class are (1) the Defendants; (2) the officers and directors of Two Rivers and GrowCo during the Class Period as set forth in the attached Exhibit E for securities purchased at the time or after they were officers or directors; (3) any judge or judicial officer who may hear any aspect of this Class Action and his or her law clerks; and (4) except as provided in clause (2) of this paragraph above, all persons or entities released in the Settlement. Also excluded from the Settlement Class are the persons and/or entities who request exclusion from the Settlement Class within the time period set by the Court in the Preliminary Approval Order.

*Id.*, Docket No. 178 at 17-18. The Court gave final approval to the Settlement Agreement and ordered that "plaintiff and all class members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the claims released by the Settlement Agreement." *Id.*, Docket No. 178 at 19. "Released Claims" were defined as follows:

> "Released Claims" means any and all Claims of or by the Releasors, as against the Releasees, and any and all Claims of or by the Defendants as against the Releasors, that were asserted, could have been asserted, or could in the future be asserted, arising from, based on, or relating to allegations in the Class Action. The term "Released Claims" does not include any claims for collection of any amounts due under the GrowCo securities pursuant to the terms of the securities, including claims in the event of a GrowCo liquidation, including in the GrowCo Bankruptcy Action.

---

[4] GrowCo, Inc. ("GrowCo") was an entity formed by Two Rivers and plaintiff. *Paulson*, 19-cv-02639-PAB-NRN, Docket No. 178 at 2. GrowCo was not a party to the action filed by Mr. Paulson and was in bankruptcy when that case was filed. *Id.*, Docket No. 178 at 2 n.1.

*Id.*, Docket No. 178 at 9.  Furthermore, the Settlement Agreement provided that:

> The Settling Parties agree and acknowledge that this Settlement Agreement is intended to resolve and satisfy any and all claims that the Releasors have made or could have made against any of the Releasees arising out of the issuance or sale of GrowCo securities.  The Parties agree and acknowledge that they shall seek as part of the Final Order Approving Settlement an order prohibiting further lawsuits and claims against the Defendants arising out of the issuance and sale of GrowCo securities which the Parties intend to operate as a complete bar to any lawsuits or claims against the Defendants arising out of the issuance or sale of GrowCo securities (the "Complete Bar Order").  The Complete Bar Order will not bar claims for collection of any amounts due under the GrowCo securities pursuant to the terms of the securities, including claims in the event of a GrowCo liquidation including in the GrowCo Bankruptcy Action.

*Id.*  An objector to the Settlement Agreement argued that this provision could be construed too broadly, thus preventing it from collecting under the terms of the promissory note executed by GrowCo or the rights under the deeds of trust securing the notes.  *Id.*, Docket No. 178 at 9-10.  The Court overruled the objection, finding that the "settlement agreement makes clear that it releases claims relating to the class action, which was based on the omission of material information in the offering documents" and that the "definition of released claim further clarifies that it does not apply to claims to collect on the terms of the securities."  *Id.*, Docket No. 178 at 10.

In exchange for the release of all claims of the Settlement Class against all defendants, the Settlement Agreement provided that defendants' insurance carrier, Starstone Specialty Casualty Insurance Company, agreed to pay $1.5 million for the benefit of the Settlement Class.  *Id.*, Docket No. 178 at 6.  The Settlement Fund was to "be used to pay, among other things, attorneys' fees and expenses, costs and expenses reasonably and actually incurred in connection with locating and providing notice to potential Class Members, assisting with filing claims, and administering and distributing he Settlement Fund."  *Id.*, Docket No. 178 at 7.

No class members opted out of the settlement.  *Id.*, Docket No. 178 at 13, 19.

The Court ordered "that, without affecting the finality of this Order, this Court retains

jurisdiction to consider all further matters arising out of or connected with the Settlement

Agreement, including its implementation."  *Id.*, Docket No. 178 at 20.  Final judgment

entered on March 16, 2023.  *Id.*, Docket No. 179.

## II.    LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show

(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer

irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips

in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling

Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def.

Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir.

2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief

must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distribution*,

*LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v.

Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).

Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian

Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989),

"is the exception rather than the rule."  *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th

Cir. 1984).

## III.    ANALYSIS

Preliminary injunctions provide "intermediate relief of the same character as that

which may be finally granted."  *Adams v. Ade*, 2019 WL 3456814, at *2 (E.D. Okla. July

7

31, 2019) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945));

*see also Harvey v. Martinez*, No. 22-cv-00369-NYW-TPO, 2024 WL 5086080, at *8 (D.

Colo. Dec. 12, 2024).  Thus, a party seeking such equitable relief must show "a

relationship between the injury claimed in the party's motion and the conduct asserted

in the complaint."  *Harvey*, 2024 WL 5086080, at *8 (quoting *Little v. Jones*, 607 F.3d

1245, 1251 (10th Cir. 2010)).  The Court will not grant intermediate relief that exceeds

or does not relate to the underlying claims in the plaintiff's complaint.  *Id.*

Plaintiff's claims in this case relate to the *Chan* action in Denver District Court.

*See* Docket No. 49 at 19-26.  Plaintiff claims that defendants, by entering the

Stipulation, violated plaintiff's due process rights and deprived him of his

"constitutionally protected property interests – including security rights under a recorded

Deed of Trust and contractual rights under the Paulson Settlement – without notice of

hearing."  *Id.* at 19, ¶ 73.  Plaintiff claims that the *Chan* action constituted "discriminatory

enforcement," retaliation based on his "history as a whistleblower and political actor,"

and a conspiracy to "execute a plan that deprived Plaintiff of constitutionally protected

rights."  *Id.* at 20, 21 ¶¶ 80, 82, 86.  Plaintiff alleges that the Stipulation included

"representations and material omissions" that "stripped" him of the "ability to foreclose

on a secured Deed of Trust."  *Id.* at 22, ¶ 93.

In his motion, entitled "Emergency Motion for Stay of County Treasurer's Deed

Proceedings, Authorization to Execute Deed in Lieu Under Huerfano County Deed of

Trust 404224, and Court-Supervised Settlement for Paulson Investor Defendants'

Interests," he requests the following relief:

1. Enter an Emergency Stay of all Treasurer's Deed proceedings in Pueblo, Huerfano, and El Paso Counties relating to GrowCo and affiliated properties, including those secured by the 404224 Deed, pending further order of this Court;

2. Authorize Plaintiff, in his capacity as Lenders' Agent and Liquidator under the GrowCo Operating Agreement and Deed of Trust 404224, and as CEO of VetaNova Inc., to execute a Deed in Lieu of Foreclosure under the 404224 Deed, with such Trustee or Court oversight as the Court deems appropriate;

3. Confirm that any relief granted is equitable and pro rata for all VetaNova shareholders, consistent with the Paulson Settlement preservation of the Paulson investor defendants' rights; and

4. Preserve Plaintiff's right to pursue claims against the State, Harding, and Harrington for independent acts of fraud, racketeering, and constitutional violations, which are unaffected by this Motion;

5. Clarify that all settlement-related proposals herein are made pursuant to Fed. R. Evid. 408 and do not waive or prejudice Plaintiff's rights against the State, Harding, or Harrington.

Docket No. 197 at 8.

Plaintiff's motion to stay seeks relief outside the scope of the complaint. Plaintiff seeks to enjoin the clerks and recorders of Huerfano, El Paso, and Pueblo Counties,[5] who are not defendants in this case and have no connection to the *Chan* action. *See* Docket No. 197 at 8; Docket No. 49 at 1; *see also McMiller v. Corr. Corp. of Am.*, 2016 WL 1045567, at *1 (W.D. Okla. Mar. 15, 2016) (denying preliminary relief where the "prison officials whose conduct is the subject of the instant motion [for preliminary relief] are not parties and their conduct – refusal to provide certain prescribed medication – is not related to the events giving rise to this lawsuit").

---

[5] Although the motion to stay states that "Treasurer's Deeds auctions are now pending in Pueblo, Huerfano, and El Paso Counties," Docket No. 197 at 1, it only references the Deed of Trust recorded in Huerfano County, the 404224 Deed, in the request for relief. *See, e.g., id.* at 6-8. The amended complaint similarly references only the 404224 Deed in the request for relief. *See, e.g.*, Docket No. 49 at 27.

In the complaint, plaintiff brings claims in his individual capacity for "Violation of Due Process" pursuant to 42 U.S.C. § 1983, "Violation of Equal Protection" pursuant to § 1983, "Retaliation for Protected Activity," "Civil Conspiracy to Deprive Constitutional Rights" pursuant to §§ 1983 and 1985, "Fraud and Constructive Fraud," and "Civil RICO" pursuant to 18 U.S.C. § 1962.  *See* Docket No. 49 at 19-25.  By contrast, in his motion to stay, plaintiff asserts claims and seeks relief in a representative capacity. Specifically, he seeks to act as "Lenders' Agent and Liquidator under the GrowCo Operating Agreement and Deed of Trust 404224, and as CEO of VetaNova Inc." to execute the Deed of Trust.  *See* Docket No. 197 at 8.  Plaintiff asks that the Court "[c]onfirm that any relief granted is equitable and pro rata for all VetaNova shareholders."  *Id.*[6]  By seeking relief in a representative capacity, the motion to stay improperly seeks relief beyond the scope of the amended complaint.  Therefore, plaintiff fails to show "a relationship between the injury claimed" in his motion and "the conduct asserted in the complaint."  *See Harvey*, 2024 WL 5086080, at *8 (citation omitted). Where a party seeks "preliminary relief that exceeds or is unrelated to the claims in the

---

[6] As to this request, plaintiff appears to seek relief on the basis that he is enforcing the Paulson Settlement Agreement.  *See* Docket No. 197 at 8.  However, the entities he seeks to enjoin, the clerk and recorders of Huerfano, El Paso, and Pueblo Counties, are not parties to the Settlement Agreement, *see Paulson v. Two Rivers Water and Farming Co.*, Case No. 19-cv-02639-PAB-NRN, Docket No. 178 at 17-18, and plaintiff fails to explain how the Settlement Agreement confers any right upon him to seek to enjoin clerks of court.

complaint," a court cannot grant such relief. [7]   *See id*.  Accordingly, the Court will deny

plaintiff's motion. [8]

## IV.   CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Emergency Motion for Stay of County Treasurer's

Deed Proceedings, Authorization to Execute Deed in Lieu Under Huerfano County

Deed of Trust 404224, and Court-Supervised Settlement for Paulson Investor

Defendants' Interests [Docket No. 197], construed as a motion for a preliminary

injunction, is **DENIED**.

DATED October 27, 2025.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Where a court is "powerless to grant such a motion" that seeks preliminary relief beyond the scope of the complaint, it need not address the preliminary injunction factors.  *See Harvey*, 2024 WL 5086080, at *9.

[8] Plaintiff requests that the Court "[p]reserve plaintiff's rights to pursue claims against the State, Hearing, and Harrington for independent acts of fraud, racketeering, and constitutional violations, which are unaffected by this Motion."  Docket No. 197 at 8. It is unclear what relief plaintiff is seeking; however, to the extent that plaintiff is asking the Court to rule on the merits of his claims at this stage, the Court declines to do so. Plaintiff also requests that the Court "[c]larify settlement-related proposals herein are made pursuant to Fed. R. Evid. 408 and do not waive or prejudice Plaintiff's rights."  *Id.* Plaintiff does not indicate what "settlement-related proposals" have been made; the Court declines to address the issue.