IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00708-PAB-NRN

JOHN R. MCKOWEN,

     Plaintiff,

v.

GREG HARRINGTON, et al.,

     Defendants.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter comes before the Court on the Report and Recommendation on Defendants' Motions to Dismiss (ECF Nos. 203, 205, 206, 209, 211) and Plaintiff's Motion for Summary Judgment (ECF No. 262) [Docket No. 283]. Plaintiff John McKowen filed an objection. Docket No. 284. Defendants the State of Colorado, Philip Weiser, Tung Chan, Robert Finke, and Jennifer Hunt (the "State Defendants"), Charles F. Kirby, Jeffrey Ploen, and Wistar Morris (collectively, the "Moving Defendants") filed responses. Docket Nos. 288-291.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The following defendants have not filed motions to dismiss: Two Rivers Farms F-2, Inc. ("Two Rivers Farms F-2"), Two Rivers Water & Farming Company ("Two Rivers Water & Farming"), TR Capital Partners, LLC ("TR Capital"), Wayne Harding, India Kidd-Aaron, Sam Morris, and Justine Yorke. Except for Mr. Harding, these defendants have not appeared in this action.

## I.    BACKGROUND

The facts are set forth in the magistrate judge's recommendation.  Docket No.

283 at 2-5.  To the extent that plaintiff disputes how the magistrate judge construed

certain facts, the Court considers and resolves those arguments below.

On May 13, 2025, plaintiff filed his amended complaint (referred to herein as the

"complaint") against defendants, bringing claims for "Violation of Due Process" pursuant

to 42 U.S.C. § 1983 (Count I), "Violation of Equal Protection – Selective Enforcement "

pursuant to § 1983 (Count II), "Retaliation for Protected Activity" pursuant to § 1983

(Count III); "Civil Conspiracy to Deprive Constitutional Rights" pursuant to §§ 1983 and

1985 (Count IV); "Fraud and Constructive Fraud" pursuant to state law (Count V);

"Declaratory Relief – Invalidity of Stipulation, Bankruptcy Filings, and Adversary

Proceeding" (Count VI); and "Civil RICO" pursuant to 18 U.S.C. § 1962 (Count VII).

Docket No. 49 at 19-25.  Plaintiff's claims arise out of an asserted "multi-tiered scheme"

that was "executed or enabled" by defendants.  *Id*. at 2, ¶ 1.  Plaintiff alleges that

defendants "misappropriat[ed] . . . investor capital through a Ponzi-like scheme,"

improperly transferred "control of corporate assets," "misuse[d] a federally-approved

settlement agreement . . . to suppress and eliminate preserved investor rights," and

were involved in "unauthorized dissolution and asset redistribution."  *Id.*

Plaintiff alleges that defendants engaged in misconduct in the proceedings of

*Chan v. Two Rivers Water & Farming Co.*, Case No. 2021CV33922 (Denver Dist. Ct.).[2]

---

[2] The Court takes judicial notice of the state court docket in Case No.
2021CV33922.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding
that a court may take judicial notice of facts which are a matter of public record when
considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d

cite.  In *Chan*, defendant Tung Chan, the Securities Commissioner for the State of

Colorado, filed a civil action against 21 defendants in Denver District Court, including

against plaintiff, Two Rivers, TR Capital, and Mr. Harding, asserting three claims for

violations of the Colorado Securities Act.  *See Chan*, Case No. 2021CV33922,

Complaint.  During the state court proceedings, Mr. Harrington, acting as Chief

Executive Officer for Two Rivers and a Managing Member of TR Capital, signed a

Stipulation for Injunction and Other Relief (the "Stipulation") with the Securities

Commissioner to resolve the claims against Two Rivers and TR Capital.  *See* Docket

No. 49-2.  In the Stipulation, Two Rivers and TR Capital admitted certain allegations by

the Commissioner, including the following:

> The actions of prior management, specifically Wayne Harding and
> John McKowen, and various other co-conspirators (hereinafter "Prior
> Management"), caused the Respondents to undertake securities
> offerings which fraudulently included material misrepresentation of
> use of proceeds, bank fraud, share price manipulation, misleading
> financial statements, and conversion of company property.

*Id.* at 3.  The Denver District Court held a bench trial from July 10 to July 18, 2023 on

the claims against plaintiff and Mr. Harding, who both proceeded to trial pro se.  *See*

*Chan*, Case No. 2021CV33922, Findings of Fact, Conclusions of Law, and Judgment, at

1.  On July 9, 2025, the court entered judgment, finding that plaintiff and Mr. Harding

violated the Colorado Securities Act.  *See Chan*, Case No. 2021CV33922, Order of

Judgment.  The state court judgment states that plaintiff and Mr. Harding are "enjoined

from any participation in private securities transactions in or from the state of Colorado

---

1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of
documents and docket materials filed in other courts").

for twenty (20) years from the date of this Order" and entered judgment against the defendants, including plaintiff, in the amount of $16,578,690.33.  *Id.* at 1.

The magistrate judge recommends granting Mr. Kirby, Mr. Morris, and Mr. Ploen's motions to dismiss because the complaint fails to comply with Fed. R. Civ. P. 8 and 12(b)(6).  *See* Docket No. 283 at 8-12.  The magistrate judge recommends granting the State Defendants and Mr. Harrington's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See id.* at 12-18.  Given that the magistrate judge recommends dismissing plaintiff's federal claims, he also recommends declining to exercise supplemental jurisdiction over Count V, plaintiff's state claim.  *See id.* at 18.  Additionally, the recommendation finds that the *Younger v. Harris*, 401 U.S. 37 (1971), bars plaintiff's claims against the State Defendants and that the Eleventh Amendment bars plaintiff's claims for monetary relief against the State Defendants.  *See id.* at 18-21.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues - factual and legal - that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's

4

factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    ANALYSIS

### A.  Plaintiff's Objection

In his objection, plaintiff argues that the magistrate judge misapplied the standard applicable at the Rule 12(b)(6) stage by "resolving contested facts, weighing evidence, and drawing adverse inferences against the non-moving party."  *See* Docket No. 284 at 14.  Specifically, plaintiff contends that the recommendation assumed certain adverse facts were true, such as facts from the Stipulation, but refused to assume the truth of his allegations.  *See id.* at 3-14.  At the outset, the Court notes that plaintiff's objection does not (a) refer to any specific allegations in the amended complaint or (b) provide a page number to the numerous documents that the plaintiff refers to.  As a result, the plaintiff's objection lacks specificity.

In reviewing the magistrate judge's recommendation de novo, the Court agrees that plaintiff's claims against the State Defendants and Mr. Harrington, Counts I-VII, are subject to dismissal under Rule 12(b)(6) because the complaint fails to sufficiently allege facts in support of each of his claims.

5

In Count I, plaintiff alleges that the State Defendants and Mr. Harrington deprived him of a protected property interest, including his rights under a Deed of Trust and the settlement agreement in *Paulson v. Two Rivers Water and Farming Co.*, Case No. 19-cv-02639-PAB-NRN (D. Colo. 2019), without due process by entering the Stipulation in the state court proceedings.  *See* Docket No. 49 at 19, ¶¶ 73-74.  As an initial matter, plaintiff does not identify what property interest he has under the *Paulson* settlement agreement.  Rather, the complaint alleges that plaintiff has "contractual rights under the Paulson settlement."  *See id.*, ¶ 73.  Even if the complaint did plausibly allege a protected property interest, the Court finds that the complaint fails to allege facts that plausibly connect the use of the Stipulation to a deprivation of plaintiff's property interests.  The complaint does not allege what process plaintiff was owed regarding the Stipulation or explain why the process afforded to him during the state court proceedings was insufficient.  While plaintiff argues that he has "pleaded specific mechanisms of deprivation and downstream consequences" that makes his entitlement to relief under Count I plausible, *see* Docket No. 284 at 8, ¶ 20, he fails to cite any allegations from the complaint that are responsive to the deficiencies identified by the recommendation.

Furthermore, the complaint does not allege facts that show Mr. Harrington acted under the color of state law, and, in his objection, plaintiff does not cite facts from the complaint that make it plausible Mr. Harrington acted under the color of state law. Plaintiff argues that whether Mr. Harrington acted under the color of state law is "not an element that can be 'declared away' at the pleading state when Plaintiff pleads coordinated conduct and joint action using State enforcement authority, a stipulated

injunction, and downstream court process as a vehicle." *See id.* at 9, ¶ 22. Plaintiff does not identify which allegations of coordinated conduct and joint action from the complaint make it plausible that Mr. Harrington acted under the color of state law. Furthermore, plaintiff fails to provide legal authority in support of the proposition that Mr. Harrington signing the Stipulation and participating in the state court proceedings constitute state action. The mere fact that private parties use the court system does not constitute joint action with the state. *See Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (" A private individual does not engage in state action simply by availing herself of a state procedure."). Accordingly, the Court will dismiss Count I against the State Defendants and Mr. Harrington pursuant to Rule 12(b)(6).

In Count II, the complaint alleges that the State Defendants violated the Equal Protection clause of the Fourteenth Amendment by treating Mr. Harrington more favorably than plaintiff during the state court proceedings. *See* Docket No. 49 at 20, ¶ 78. The Court finds that the complaint does not allege facts demonstrating that the State Defendants' conduct was based on plaintiff's membership in a protected class or that plaintiff and Mr. Harrington are similarly situated. In his objection, plaintiff argues that, at the Rule 12(b)(6) stage, he does not need to "produce direct proof of motive, comparator identity, and agreement mechanisms" and that he can plead "circumstantial facts and reasonable inferences." *See* Docket No. 284 at 8-9, ¶ 21. It is true that plaintiff does not need to prove his claims at this stage. Instead, he must plead sufficient factual matter that, accepted as true, states a claim for relief that is plausible on its face. However, plaintiff fails to identify "circumstantial facts and reasonable inferences" from his complaint that make it plausible that the State Defendants were

7

motivated by plaintiff's membership in a protected class or that Mr. Harrington is similarly situated to plaintiff.  Accordingly, the Court will dismiss Count II against the State Defendants pursuant to Rule 12(b)(6).[3]

In Count III, plaintiff claims that the State Defendants retaliated against him in violation of the First Amendment.  *See* Docket No. 49 at 20, ¶¶ 81-84.  The complaint alleges that the State Defendants' decision to initiate the state court proceedings was based on plaintiff's "history as a whistleblower and political actor."  *See id.*, ¶ 82.  This allegation is devoid of any factual support and is therefore conclusory.  Plaintiff's objection also fails to identify any facts from the complaint that support this allegation. *See generally* Docket No. 284.  Accordingly, the Court will dismiss Count III against the State Defendants pursuant to Rule 12(b)(6).[4]

In Count IV, plaintiff alleges that the State Defendants and Mr. Harrington "jointly conspired to execute a plan that deprived Plaintiff of constitutionally protected rights" pursuant to 42 U.S.C. § 1985.  *See* Docket No. 49 at 21, ¶ 86.  The complaint alleges that the State Defendants and Mr. Harrington's conspiracy "included the fabrication of a Stipulation, unlawful bankruptcy filings, the misuse of privilege to block testimony, and denial of access to a fair hearing."  *Id.*, ¶ 87.  To state a claim under § 1985(3), a plaintiff must allege that the conspiracy is motivated by racial or other class-based animus.  *See* Docket No. 283 at 16 (citing *Tilton v. Richardson,* 6 F.3d 683, 686 (10th

---

[3] To the extent that Count II is asserted against Mr. Harrington, the Court will dismiss this claim because the complaint fails to allege conduct that is attributable to Mr. Harrington.

[4] To the extent that Count III is asserted against Mr. Harrington, the Court will dismiss this claim because the complaint fails to allege conduct that is attributable to Mr. Harrington.

Cir. 1993)).  The complaint does not identify the class to which plaintiff belongs that allegedly motivated the conspiracy.  *See* Docket No. 49 at 20-21, ¶¶ 85-89.  To the extent that plaintiff alleges that the conspiracy was motivated by his political affiliation, as the recommendation notes, "the Tenth Circuit has not interpreted § 1985(3) to cover animus directed at political groups."  *See* Docket No. 283 at 16 (citing *Brown v. Reardon*, 770 F.2d 896, 905-06 (10th Cir. 1985); *Bauge v. Jernigan*, 669 F. Supp. 348, 354 (D. Colo. 1987)).  Moreover, as discussed regarding Claim III, the complaint fails to provide non-conclusory allegations that demonstrate defendants' conduct was based on animus toward plaintiff's political affiliations.  Plaintiff's objection also fails to cite facts from the complaint that support Count IV and is not responsive to the magistrate judge's recommendation.  Accordingly, the Court will dismiss Count IV against the State Defendants and Mr. Harrington.

In Count VII, the complaint alleges that the State Defendants and Mr. Harrington violated RICO with the "shared purpose of stripping secured investor assets, relitigating barred claims, and diverting value through fabricated litigation."  *See* Docket No. 49 at 24, ¶ 101.  As the magistrate judge notes, to state a claim under RICO, a plaintiff must plausibly allege, among other elements, that the defendants engaged in a pattern of racketeering activity.  *See* Docket No. 283 at 17.  "[T]o prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity."  *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  Here, the complaint alleges that the racketeering activity consisted of the State Defendants' "collaborat[ion] with Greg Harrington to draft and sign the 'Stipulation for Injunction and Other Relief'" which

9

"blamed Plaintiff for fraud, committed $2 million in payments to the State, and handed control of Two Rivers assets to Harrington – a convicted felon." *See* Docket No. 49 at 24, ¶ 104. The complaint fails to plausibly allege that the State Defendants and Mr. Harrington's alleged misuse of the Stipulation during the state court proceedings constitutes a pattern of racketeering activity. "[A] pattern of racketeering activity is not established by a single event." *Wade v. Gaither*, 623 F. Supp. 2d 1277, 1289 (D. Utah 2009). The complaint fails to allege racketeering events that are related to the Stipulation and, even if such events exist, the complaint fails to allege a threat of continued criminal activity. *See H.J. Inc.*, 492 U.S. at 239.

In his objection, plaintiff argues the recommendation's finding that the complaint fails to allege a pattern of racketeering activity constitutes "quintessential factual characterizations and predictive inferences." *See* Docket No. 284 at 9, ¶ 23. Plaintiff argues that, "[a]t Rule 12, the Court cannot foreclose continuity by choosing the narrowest characterization of the pleaded conduct." *See id.* While plaintiff contends that he has pled a "multi-actor course of conduct across entities and proceedings with continuing effects, including continuing use of the Stipulation and related proceedings to impair property rights and to control outcomes through process," there are no non-conclusory allegations in support of that theory and plaintiff fails to cite such allegations. *See id.* The Court finds that the recommendation properly applied the Rule 12(b)(6) legal standard and that plaintiff fails to state a claim pursuant to RICO. Accordingly, the Court will dismiss Count VII against the State Defendants and Mr. Harrington.

Turning to plaintiff's objection regarding the dismissal of his claims against Mr. Kirby, Mr. Morris, and Mr. Ploen, the Court agrees, upon de novo review, that the

complaint fails to comply with Rule 8.  Rule 8(a)(2) requires that a "pleading that states

a claim for relief must contain: . . . a short and plain statement of the claim showing that

the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In his objection, *see* Docket No.

284 at 4-5, ¶ 14, plaintiff argues that the following allegations are sufficient to comply

with Rule 8:

> Wistar Morris — Era 2 - Insider and beneficiary of investor distributions sourced from misappropriated funds.  Participated in or tolerated the Ponzi structure. . . .

> Charles F. Kirby — Era 2; Era 3 - Barred securities professional who used proxies to raise and redirect funds.  On information and belief, supported the Vaxa transaction knowing Harrington's record.

> Jeffrey Ploen — Era 2 - GrowCo board member who blocked internal audit requests and enabled concealment of misclassified investor capital.

Docket No. 49 at 6, ¶¶ 19, 21-22.  "[A] complaint must explain what each defendant did

to him or her; when the defendant did it; how the defendant's action harmed him or her;

and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v.*

*Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.,* 492 F.3d 1158, 1163 (10th

Cir. 2007).  The Court finds that these allegations fail to do so as it relates to Mr. Kirby,

Mr. Morris, and Mr. Ploen.  There are no other allegations in the complaint that mention

Mr. Kirby, Mr. Morris, and Mr. Ploen.  Accordingly, the Court will dismiss plaintiff's

claims against Mr. Kirby, Mr. Morris, and Mr. Ploen pursuant to Rule 8.

The remainder of plaintiff's objection is not responsive to the recommendation's

finding that the complaint fails to comply with Rule 8 and is subject to dismissal under

Rule12(b)(6) for failure to state a claim.  *See* Docket No. 284 at 11-14.  For example, as

discussed above regarding Count II, plaintiff fails to cite allegations from the complaint

showing the magistrate judge erred in finding that the complaint fails to plausibly allege

plaintiff's membership in a protected class or that he is similarly situated to Mr.

Harrington.  Similarly, regarding Count VII, plaintiff fails to cite allegations that

undermine the magistrate judge's finding that the complaint fails to plausibly allege a

pattern of racketeering activity.  Rather, plaintiff cites various exhibits without connecting

such exhibits to his claims or explaining how they demonstrate error in the

recommendation.  As a result, the Court cannot determine what the substance of

plaintiff's objection is.  *See Cohen v. Roth L. LLC*, No. 21-cv-1568-RMR-SBP, 2023 WL

6174282, at *3 (D. Colo. Sept. 13, 2023) (overruling plaintiff's objection where "Plaintiff's

arguments . . . do not address the elements of her claims that the magistrate judge

determined were unsupported and, even construed liberally, are arguably insufficient to

trigger de novo review").

Accordingly, the Court will overrule plaintiff's objection.

### B. Non-Objected to Portions of the Recommendation

The Court has reviewed the remainder of the recommendation to satisfy itself

that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b),

Advisory Committee Notes.  Based on this review, the Court has concluded that the

remainder of the recommendation is a correct application of the facts and the law.

The Court agrees with recommendation's finding that plaintiff's claims for

injunctive relief against the State Defendants are barred by *Younger*.  *See* Docket No.

283 at 18-20.[5]  As the magistrate judge notes, plaintiff seeks "injunctive relief

---

[5] Plaintiff argues that that the recommendation's "Younger analysis rests on
merits characterizations and an improper assumption of adequacy."  Docket No. 284 at
10, ¶ 24.  Plaintiff argues that "[a]bstention is not a pleading-stage shortcut for avoiding
merits questions."  *Id.*  Plaintiff's objection is not responsive to the magistrate judge's
recommendation and is therefore improper.

invalidating the state court proceedings and damages payments based on alleged injury

caused by the Stipulation and state court proceedings." *See id.* at 19. "*Younger*

requires federal courts to refrain from ruling when it could interfere with ongoing state

proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016).

*Younger* is only applicable to three "exceptional" categories of cases: (1) state criminal

prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings "involving

certain orders that are uniquely in furtherance of the state courts' ability to perform their

judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citation

omitted). If the proceeding falls into a *Sprint* category, then the federal court must

abstain if the following conditions are met: (1) there is an ongoing state judicial, civil, or

administrative proceeding, (2) which implicates important state interests, and (3) in

which there is an adequate opportunity to raise constitutional challenges. *Middlesex

Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32 (1982); *Crown

Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003).

As the Court noted in its prior orders denying plaintiff's motions for injunctive relief, the

state court proceedings fall into a *Sprint* category and the *Middlesex* conditions are

satisfied, such that *Younger* abstention is appropriate. *See generally* Docket Nos. 193,

259, 308. It is true that, while *Younger* can apply to claims for monetary damages, "the

appropriate course is staying proceedings on the federal damages claim until the state

proceeding is final." *See Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th

Cir. 2023) (internal quotation and citation omitted). However, the Court agrees that

plaintiff's claims for monetary damages against the State Defendants are barred by the

Eleventh Amendment. *See* Docket No. 283 at 20-21. Because the Court will dismiss

13

plaintiff's federal claims against the Moving Defendants, the Court agrees that it is
proper to decline to exercise supplemental jurisdiction over Count V, which is plaintiff's
state law fraud claim.  *See id.* at 18.[6]

### C. Plaintiff's Motion for Ruling, Reassignment of Bankruptcy Appeal, and Sanctions

In his motion entitled "Motion for Sanctions under 28 U.S.C. § 1927 and the
Court's Inherent Authority, for Reassignment of Related Bankruptcy Appeal Under
D.C.COLO.LCivR 40.1(d), and for Ruling on the Pending Report and
Recommendation," plaintiff requests that the Court "rul[e] on the pending Report and
Recommendation," "direct[] . . . the bankruptcy appeal in McKowen v. State of Colorado,
No. 1:26-cv-01883-CNS, be reassigned to this Court under D.C.COLO.LCivR 40.1(d),"
and that the Court impose sanctions  pursuant to 28 U.S.C. § 1927 against "AAG Amy
Christine Colony, AAG Zachary W. Fitzgerald, and SAAG Deanna L. Westfall."  *See*
Docket No. 311 at 14.

The Court will deny as moot plaintiff's request that the Court issue an order
regarding the recommendation.  Plaintiff asks that Case No. 26-cv-01883-CNS be
reassigned to the Court because he claims it is related to this case and Case No. 19-cv-
02639-PAB-NRN.  *See id.*  Construing plaintiff's request as one for reassignment under
D.C.COLO.LCivR. 40.1(d)(4), the Court does not have the authority to direct the
reassignment of Case No. 26-cv-01883-CNS.  Under D.C.COLO.LCivR 40.1(d)(4), a
new case that is related to a pending case may be reassigned only on a majority vote of

---

[6] In Count VI, plaintiff seeks declaratory relief that invalidates the effect of the
Stipulation.  *See* Docket No. 49 at 23, ¶ 97.  Because plaintiff fails to state a claim
against the Moving Defendants that provides a basis for declaratory relief, the Court will
dismiss Count VI against the Moving Defendants.

active district judges, by approval of the chief judge, or by entry of an order granting a motion to consolidate.  Regarding plaintiff's motion for sanctions, 28 U.S.C. § 1927 states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The Court finds that counsel filing motions for extensions of time, filing a motion to dismiss, and participating in other cases in which plaintiff is a party does not warrant sanctions under § 1927.  *See* Docket No. 311 at 11-12.  Accordingly, the Court will deny plaintiff's motion.

### D. <u>Claims Against the Non-Moving Defendants and Mr. Harding's Counterclaim</u>

As stated above, the Court will dismiss plaintiff's claims against the Moving Defendants pursuant to Rule 8 and Rule 12(b)(6).  Thus, the remaining parties in this case are Two Rivers Farms F-2, Two Rivers Water & Farming, TR Capital, Mr. Harding, Ms. Kidd-Aaron, Sam Morris, and Mr. Yorke.  Except for Mr. Harding, these defendants have not appeared.

On October 30, 2025, the Court denied plaintiff's motion for default judgment against Two Rivers Farms F-2, Two Rivers Water & Farming, and TR Capital, finding that plaintiff had failed to serve these defendants in accordance with Fed. R. Civ. P. 4.  *See* Docket No. 260 at 3-8.  The Court ordered that, within 60 days of the Court's order, plaintiff may attempt to serve Two River Farms F-2, Two Rivers Water & Farming, and TR Capital.  *See id.* at 21.  On December 10, 2025, plaintiff filed a motion to serve these defendants by alternative means, which is pending before the magistrate judge.  *See* Docket No. 268.

On May 13, 2025, plaintiff filed the amended complaint.  Docket No. 49.  On May

22, 2025, plaintiff requested summonses.  *See* Docket No. 62.  That same day, the

Clerk of Court issued summones for, among other defendants, Sam Morris, Ms. Kidd-

Aaron, and Mr. Yorke.  *See* Docket No. 63 at 5-6, 9-10, 15-16.  There is no indication on

the docket that plaintiff has served Sam Morris, Ms. Kidd-Aaron, and Mr. Yorke.

Pursuant to Fed. R. Civ. P. 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specific time.  But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Tenth Circuit employs a two-part analysis for dismissals

under Rule 4(m).  *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at

*2 (D. Colo. Mar. 23, 2018) (citing *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20

(10th Cir. 2003) (unpublished); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.

1995)).  The Court must first consider whether plaintiff has shown good cause for failing

to effectuate service.  *Id*.  If plaintiff demonstrates good cause, he is entitled to a

mandatory extension of time.  *Id*.  "If the plaintiff fails to show good cause, the district

court must still consider whether a permissive extension of time may be warranted.  The

court may then, within its discretion, dismiss without prejudice or extend the time for

service."  *Id*.  Accordingly, plaintiff shall show cause, within 21 days of the entry of this

order, why Sam Morris, Ms. Kidd-Aaron, and Mr. Yorke should not be dismissed from

this case pursuant to Fed. R. Civ. P. 4(m).

Because Two Rivers Farms F-2, Two Rivers Water & Farming, TR-Capital, Mr.

Harding, Ms. Kidd-Aaron, Sam Morris, and Mr. Yorke have not moved to dismiss

16

plaintiff's claims, the Court will not rule on these claims. Although these defendants have not moved to dismiss plaintiff's claims pursuant to Rule 8 and Rule 12(b)(6), the Court notes that plaintiff's claims against the non-moving defendants may be subject to dismissal for the same reasons identified in the recommendation and this order. Therefore, plaintiff will show cause, within 21 days of the entry of this order, why the complaint should not be dismissed pursuant to Rule 8 and Rule 12(b)(6). *See McKinney v. State of Okl., Dep't of Hum. Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (internal citation omitted) ("a *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile") (internal citation omitted); *see Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (unpublished) ("If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8.").[7]

Additionally, Mr. Harding[8] asserts a counterclaim against plaintiff for defamation. *See* Docket No. 28 at 2. Mr. Harding's counterclaim consists of the following:

Since May 2019, Plaintiff has made the following:

1) numerous false statements against Harding purporting to be fact;
2) numerous publication or emails of those statements to third parties;

---

[7] The magistrate judge recommends dismissing Counts IV, V, and VII against all defendants. *See* Docket No. 283 at 16-18. Given that not all defendants have moved to dismiss plaintiff's claims, the Court will not dismiss these claims at this stage. Rather, the Court will rule on these claims following plaintiff's compliance with the Court's order to show cause.

[8] Because Mr. Harding is proceeding pro se, the Court will construe his pleading liberally without serving as his advocate. *See Hall*, 935 F.2d at 1110.

> 3) with Plaintiff's fault amounting to at least negligence; and
> 4) thereby causing Harding irreputable harm.
>
> Harding is requesting the court to determine damages owed to Harding for
> Plaintiff's defamation.

*Id*.  Mr. Harding also "submits an amendment to his cross complaint against Plaintiff's actions of defamation."  Docket No. 39 at 1.  In his "amendment," Mr. Harding submits various emails with highlighted portions where plaintiff allegedly defamed Mr. Harding.  *See* Docket No. 39-1 at 1–4.  To state a claim for defamation, a plaintiff must allege the existence of "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication."  *Walters v. Linhof*, 559 F. Supp. 1231, 1234 (D. Colo. 1983) (applying Colorado law).  Even assuming that the emails submitted by Mr. Harding contain defamatory statements that were published to third parties, Mr. Harding's counterclaim fails to provide non-conclusory allegations that plausibly allege plaintiff was at least negligent in making these statements.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id*. (alteration, internal quotations, and citation omitted).  There are no facts supporting the allegation that plaintiff was at least negligent in making the defamatory statements.  Accordingly, Mr. Harding's counterclaim is subject to dismissal pursuant to Rule 12(b)(6).  Therefore, Mr. Harding, within 21 days of this

18

order, shall show cause why his counterclaim should not be dismissed pursuant to Rule

12(b)(6).[9]

### E. Plaintiff's Motion to File Supplemental Complaint

Plaintiff moves for leave to file a "supplemental complaint" that adds a "Fifth

Amendment Takings claim under 42 U.S.C. § 1983." *See* Docket No. 313 at 1. In the

proposed amended complaint, plaintiff alleges that Mr. Harrington and the State

Defendants violated the Takings Clause through the Stipulation, which resulted in the

"functional extinguishment" of plaintiff's "recorded interests" in Deeds of Trust and the

dismissal of plaintiff's bankruptcy action. *See id.* at 16-17, ¶¶ 20-24. Additionally, in his

objection, plaintiff requests, "[i]f the Court identifies any discrete pleading deficiency,"

that he be granted "leave to amend in a targeted manner solely to cure that deficiency."

Docket No. 284 at 15, ¶ 3. The Court will consider plaintiff's response to the show

cause orders and his motion to add a Takings Clause claim in determining whether

granting leave to amend would be futile and thus whether plaintiff's complaint should be

dismissed. Thus, plaintiff, in addressing the Court's show cause orders, shall show

cause why granting leave to amend would not be futile.

---

[9] Given the Court's show cause orders, the Court will deny plaintiff's motion for summary judgment, Docket No. 262, without prejudice. If any of plaintiff's claims remain following plaintiff's compliance with the Court's order to show cause and the Court's subsequent ruling, plaintiff may refile his motion. The Court will also overrule plaintiff's objection, *see* Docket No. 275, to the magistrate judge's order that stayed briefing on the motion for summary judgment, given that the Court has denied plaintiff's motion. Furthermore, in his objection, plaintiff fails to show that the magistrate judge's order was "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Finally, the Court will deny plaintiff's motion that requests a ruling on plaintiff's motion for summary judgment. *See* Docket No. 277 at 5.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that Report and Recommendation on Defendants' Motions to Dismiss (ECF Nos. 203, 205, 206, 209, 211) and Plaintiff's Motion for Summary Judgment (ECF No. 262) [Docket No. 283] is **ACCEPTED in part**.  It is further

**ORDERED** that Plaintiff's Objection to Magistrate Judge Neureiter's Report and Recommendation [Docket No. 284] is **OVERRULED**.  It is further

**ORDERED** that Charles F. Kirby's Motion to Dismiss [Docket No. 203] is **GRANTED**.  It is further

**ORDERED** that Wistar Morris's Motion to Dismiss [Docket No. 205] is **GRANTED**.  It Is further

**ORDERED** that Jeffrey Ploen's Motion to Dismiss [Docket No. 206] is **GRANTED**.  It is further

**ORDERED** that the State Defendants' Motion to Dismiss [Docket No. 209] is **GRANTED**.  It is further

**ORDERED** that Greg Harrington's Motion to Dismiss [Docket No. 211] is **GRANTED**.  It is further

**ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 262] is **DENIED without prejudice**.  It is further

**ORDERED** that plaintiff's claims against the State of Colorado, Philip Weiser, Tung Chan, Robert Finke, Jennifer Hunt, Greg Harrington, Charles F. Kirby, Jeffrey Ploen, and Wistar Morris are **DISMISSED without prejudice**.  It is further

**ORDERED** that Plaintiff's Rule 72(a) Objection to Magistrate Judge's Order Staying Prosecution of the Estate-Owned Motion for Summary Judgment and Request for Article III Enforcement of Jurisdictional Limits [Docket No. 275] is **OVERRULED**.  It is further

**ORDERED** that Plaintiff's Request for Article III Adjudication of Threshold Federal Question [Docket No. 277] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Objection Under Fed. R. Civ. P. 72(a) to Magistrate Judge's Minute Order and Request for De Novo Review by District Judge [Docket No. 294] is **OVERRULED**.[10]  It is further

---

[10] In a Minute Order dated March 27, 2026, the magistrate judge denied as moot plaintiff's motion that requested a ruling on his motion for summary judgment because the magistrate judge had already issued a recommendation regarding the motion for summary judgment.  *See* Docket No. 293.  Plaintiff objects, arguing that the magistrate judge improperly characterized his motion for summary judgment as non-dispositive.  *See* Docket No. 294 at 2-4.  A motion requesting a ruling on a pending motion is non-dispositive, and plaintiff cites no authority to the contrary.  The magistrate judge properly treated plaintiff's motion for summary judgment as non-dispositive by issuing a report and recommendation.  *See generally* Docket No. 283.  Plaintiff also objects on the basis that, "[a]t no point in this sequence has the Article III District Judge exercised independent judgment on any merits question."  Docket No. 294 at 4, 6-7.  In light of the Court issuing this order on the magistrate judge's recommendation, the Court will overrule this objection.  Finally, plaintiff argues that the Court and the magistrate judge's prior rulings in this case are "relevant both to the question of bias under 28 U.S.C. § 455 and to the propriety of the Magistrate Judge's continued exercise of authority over this case."  *Id.* at 5.  To the extent that plaintiff moves for recusal in his objection, such a motion is improper.  *See Pittman v. Long*, No. 23-cv-00291-PAB-KAS, 2025 WL 2538964, at *4 (D. Colo. Sept. 4, 2025) (plaintiff's "effort to raise, through an objection, an issue unrelated to the magistrate judge's recommendation . . . is not appropriate").  Moreover, objections to "prior rulings that were adverse to the moving party. . . solely because they were adverse" "*do not* merit disqualification."  *See Est. of Bishop v. Equinox Int'l Corp.,* 256 F.3d 1050, 1058 (10th Cir. 2001).  Accordingly, the Court will overrule plaintiff's objection.

**ORDERED** that Plaintiff's Motion for Sanctions under 28 U.S.C. § 1927 and the Court's Inherent Authority, for Reassignment of Related Bankruptcy Appeal Under D.C.Colo.LCivR 40.1(d), and for Ruling on the Pending Report and Recommendation [Docket No. 311] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Enforce the Paulson Final Order [Docket No. 323] is **DENIED**.[11] It is further

**ORDERED** that, **within 21 days of the entry of this Order**, plaintiff shall show cause why defendants India Kidd-Aaron, Sam Morris, and Justin Yorke should not be dismissed from this case pursuant Fed. R. Civ. P. 4(m). If plaintiff fails to show good cause, the Court may dismiss the claim against India Kidd-Aaron, Sam Morris, and Justin Yorke without prejudice under Fed. R. Civ. P. 4(m). It is further

**ORDERED** that, **within 21 days of the entry of this Order**, plaintiff shall show cause why the Court should not dismiss his complaint pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure and why granting leave to amend would not be futile. It is further

---

[11] In his motion, plaintiff seeks injunctive relief "enforcing the Paulson Bar Order against the State Defendants." *See* Docket No. 323 at 2. Because the Court finds that plaintiff has failed to state a claim against the State Defendants, it will deny plaintiff's motion.

**ORDERED** that, **within 21 days of the entry of this Order**, Wayne Harding

shall show cause why the Court should not dismiss his counterclaim pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.

DATED June 23, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge