FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
7/13/2026
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00708-PAB-NRN

**APPENDIX 1 TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**TABLE OF PREDICATE ACTS AND PATTERN / CONCEALMENT ACTS — SIXTH CLAIM (CIVIL RICO, 18 U.S.C. § 1962(c))**

*This table summarizes the predicate acts pleaded in the Proposed Second Amended Complaint (Exhibit A) ¶¶ 60–69 and adds no new allegation; paragraph and exhibit citations are to Exhibit A and its exhibits. Per ¶ 60, the mails and interstate wires were used in furtherance of the scheme throughout, 18 U.S.C. §§ 1341, 1343. Acts 1–4 (2015–2018) are pleaded in the alternative (¶¶ 61–62). Rows identifying mail fraud, wire fraud (18 U.S.C. §§ 1341, 1343), and § 1513(e) retaliation are pleaded as predicate acts; the remaining rows are pleaded as acts in furtherance, concealment, relatedness, continuity, causation, and injury, unless otherwise stated.*

| Act | Date | Act and Transmission | Actor(s) | Why Wrongful | Statute (as pleaded) | Injury to the 404224 Collateral | Source |
|---|---|---|---|---|---|---|---|
| 1 | 2015–2017 (incl. Jan. 20, 2016 written instruction) | Redirection of GrowCo note interest to Blue Yellow; $729,103.15 paid to Blue & Green at Harding's written direction, by interstate wire and mail; Kirby copied on the instruction | Harding; Kirby (copied) | Diverted, and concealed the diversion of, funds owed to the investors whose recovery the 404224 collateral secured | 18 U.S.C. §§ 1341, 1343 (alternative) | Diverted the capital stream whose repayment the collateral secured | ¶ 61(a); Exs. 8, 18 |
| 2 | Aug. 16, 2017 | Fabricated $6,207,943.50 journal entry with no supporting documentation; more than $4.2 million left unpaid to GrowCo; GrowCo deconsolidated; resulting false financial reports transmitted by interstate wire | Harding | Entry unsupported; concealed GrowCo's losses while the parent used its assets | 18 U.S.C. § 1343 (alternative) | Erased on the books the intercompany obligation backing the secured position | ¶ 61(b); Ex. 24 at 6 |

| Act | Date | Act and Transmission | Actor(s) | Why Wrongful | Statute (as pleaded) | Injury to the 404224 Collateral | Source |
|---|---|---|---|---|---|---|---|
| 3 | May 1, 2017 | Board vote defeating the independent audit and outside counsel; refusal to produce the general ledger; representation that “everything is out in the open” | Ploen, with Harding | Blocked the examination that would have exposed the diversion | Concealment act in furtherance of the scheme (¶ 60; alternative) | Prolonged concealment of the collateral's impairment | ¶ 61(c); Ex. 22 at 35 |
| 4 | May 15, 2018 | GrowCo Partners 1 board ratification of the insiders' post-resignation actions, including eviction of the cash-flow-positive tenant | GCP-1 board, on which Sam Morris sat | Severed the collateral's revenue stream | Act in furtherance of the scheme (¶ 60; alternative) | Cut off the income supporting the secured recovery | ¶ 61(d); Ex. 28 |
| 5 | Oct. 18, 2019 | Sale of 5080 Bar 10 Road parcel for $56,500, below assessor value; proceeds disbursed through title-company closing and interstate wires on identical pre-set “partial payoff” tickets of $2,429.02 each to Elevation Fund, JMW Fund, Richland Fund, and San Gabriel Fund, with payments to Harding and the Cotswold Foundation; net proceeds wired to the Scottsdale mailbox; no disclosure to the secured investors | The enterprise: Harrington; Kirby (Elevation); the Yorke-controlled funds; Harding; the Morris-affiliated Cotswold Foundation | Below-market, pre-arranged self-dealing distribution, concealed from the beneficiaries | 18 U.S.C. §§ 1341, 1343 (¶ 60) | Stripped a securing asset; routed proceeds to insiders | ¶ 63; Ex. 35 |

| Act | Date | Act and Transmission | Actor(s) | Why Wrongful | Statute (as pleaded) | Injury to the 404224 Collateral | Source |
|---|---|---|---|---|---|---|---|
| 6 | Dec. 20, 2019 | Sale of 5185 Henderson Lane parcel for $57,000, below assessor value; identical $4,251.55 tickets to the same circle; $22,625.50 net wired to the same Scottsdale mailbox; no disclosure | Same circle | Same method, repeated | 18 U.S.C. §§ 1341, 1343 (¶ 60) | Stripped a second securing asset | ¶ 64; Ex. 36 |
| 7 | Jan. 31, 2020 | Removal of $72,540.49 — substantially the entire balance of TR El Paso Land account no. 2653057727 — by verbal instruction recorded only as “per Chad,” no payee disclosed on the statement | Chad Harrington (defendant Harrington's brother; management-listed; account signer) | Concealed the destination of the sale proceeds | Concealment act in furtherance of the scheme (¶ 60) | Drained the proceeds of the stripped collateral | ¶ 65; Ex. 37 |
| 8 | After Q3 2019 Form 10-Q (through Aug. 19, 2022 revocation) | Cessation of all required SEC periodic reporting; approximately 1,689 acres left the company during the blackout with no Form 10-K, 10-Q, or 8-K disclosure; SEC revoked registration of all Two Rivers securities effective Aug. 19, 2022 | Two Rivers, caused by the enterprise | Concealed the dispositions and related-party payoffs from the secured investors | Concealment in furtherance of the scheme (¶ 60) | Hid the stripping of the securing assets while it proceeded | ¶ 66; Ex. 41 |

| Act | Date | Act and Transmission | Actor(s) | Why Wrongful | Statute (as pleaded) | Injury to the 404224 Collateral | Source |
|---|---|---|---|---|---|---|---|
| 9 | May 5, 2023 | Execution of the Stipulation extracting $2,000,000 and directing bankruptcy filings whose stated purpose was to "clear title" on the assets securing the GrowCo investors | The enterprise, acting jointly with the State | Turned the asset-stripping method against the secured collateral itself | Act in furtherance of the scheme (¶ 60) | Directed the machinery of extinguishment at the 404224 collateral | ¶ 67; Ex. 44 |
| 10 | 2024 | Adversary Proceedings 24-01111 and 24-01112 filed by the Two Rivers debtor seeking to declare the 404224 and 404225 Deeds of Trust void | The enterprise, through the debtor | Sought to complete the extinguishment of the secured position | Use of mails and courts in furtherance of the scheme (¶ 60) | Direct attack on the deeds of trust | ¶ 68; Ex. 48 |
| 11 | Apr. 14, 2026 (filed 8:55 a.m.) | Contempt Citation procured through Harrington's Feb. 2, 2024 solicitation and the jointly executed Stipulation; charges Plaintiff's federal filings themselves as contempt; seeks $25,000 fine, fees, rescission of the plan offering, and punitive incarceration with imprisonment available until performance; coordination documented in the citation's own Verification ¶¶ 10–11 and Exhibit D | The enterprise and the State Defendants | Seeks to jail Plaintiff for his federal-court filings unless he undoes them | Act in furtherance of the scheme (¶ 60) | Coerces abandonment of the proceedings protecting the collateral | ¶ 69; Ex. 52 at 6, 29–31; Ex. 47 at 2 |

| Act | Date | Act and Transmission | Actor(s) | Why Wrongful | Statute (as pleaded) | Injury to the 404224 Collateral | Source |
|---|---|---|---|---|---|---|---|
| 12 | Since June 11, 2026 | Continuation of the contempt prosecution and pursuit of incarceration after Plaintiff's criminal referrals to five federal agencies were noticed at Dkt. 324 and Tenth Circuit No. 26-1190, Doc. 38 — with knowledge that Plaintiff is a federal informant | The State Defendants | Retaliation against a known federal informant | 18 U.S.C. § 1513(e) — enumerated predicate, 18 U.S.C. § 1961(1)(B) | Sustains the coercion aimed at the collateral's protection | ¶ 69; Ex. 52 |