**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00708-PAB-NRN

**APPENDIX 2 TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**RESPONSE TO EACH FINDING OF THE REPORT AND RECOMMENDATION (DKT. 283)**

This table responds to each finding of the Report and Recommendation (Dkt. 283), accepted in part by the Order of June 23, 2026 (Dkt. 326). Each row quotes or states the finding with its page citation and identifies the paragraphs of the Proposed Second Amended Complaint (Exhibit A) and the sections of the accompanying filings that cure or answer it. The table adds no new allegation.

| Finding (Dkt. 283) | Cure or Answer |
| --- | --- |
| Rule 8 / *Nasious* — Kirby, Morris, and Ploen are described only in the party section and "are not mentioned anywhere else in the pleading"; the complaint must state what each defendant did, when, how it harmed Plaintiff, and what right was violated (at 8–10). | Exhibit A ¶ 59 pleads each defendant's operation of the enterprise from documents, with dated acts and exhibit citations (Kirby ¶¶ 59, 61, 63–64; I. Wistar Morris ¶¶ 59, 63–64; Sam Morris ¶ 59; Ploen ¶¶ 59, 61(c)). Motion Part II; Response Part III. |
| The additional allegations appeared in Plaintiff's response briefs but "were not included in the amended complaint" (at 11). | Every allegation now appears inside Exhibit A itself; the Response and Motion cite only its paragraphs. |
| Cited exhibits "were not referenced in or attached to the amended complaint" and some "do not exist in the record"; the court will not scour the record (at 11). | A renumbered chronological exhibit list accompanies Exhibit A; every exhibit citation in Exhibit A resolves to that list, and the exhibits are filed with the pleading. |
| RICO: no pattern — "a single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities"; no threat of continued activity; predicates must be pleaded with particularity (at 16–18). | Exhibit A ¶¶ 58–71: a distinct association-in-fact enterprise; dated predicate acts from 2015 through 2026; victims are the secured GrowCo investor class — approximately 800 holders of record — not one individual; closed-ended continuity across nearly a decade and open-ended continuity through the February 2024 solicitation and April 2026 contempt; per-act particularity in Appendix 1. |

| Finding (Dkt. 283) | Cure or Answer |
|---|---|
| Due process: no protected property interest identified beyond “contractual rights”; no facts connecting the Stipulation to a deprivation; “no legal basis for the notion that he was entitled to an opportunity to be heard with respect to the Stipulation” (at 12–13). | Exhibit A ¶ 54: the recorded Deed of Trust No. 404224 lien, the GCP-1 Preferred priority it secures, the Paulson-preserved collection rights, and the capital advanced; the four-step deprivation and process showing; and the settled entitlement of a recorded security-interest holder to actual notice, *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798–800 (1983); *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 485, 488 (1988). Motion Part III.A. |
| Harrington: the complaint “wholly fail[s] to plead any action by Harrington ‘under color of state law’” (at 13). | Exhibit A ¶¶ 31–33, 51, 56: Harrington jointly negotiated and executed the Stipulation with the State, exchanged obligations within it, and agreed to assist the prosecution — willful joint participation under *Lugar v. Edmondson Oil Co.* and *Dennis v. Sparks*, not mere resort to a state procedure. Motion Part III.A. |
| Equal protection: no protected-class membership, no similarly-situated showing, and no conduct attributable to Harrington (at 13–14). | The protected-class equal-protection theory is not re-pleaded. Selective enforcement is re-anchored within the Third Claim to the comparator the documents supply: the State released the Harrington-controlled respondents who held the assets while prosecuting the whistleblower (Exhibit A ¶ 55). Harrington’s conduct is now pleaded (¶¶ 51, 56, 69). |
| Retaliation: the whistleblower/political-actor allegation is “devoid of any non-conclusory factual allegations” (at 14–15). | Exhibit A ¶ 55: the July 13, 2018 report to the Division of Securities through counsel (Ex. 25); the State’s 2019 dismissal-with-prejudice concession (Ex. 34); the January 19, 2023 Hunt email (Ex. 42); the February 2, 2024 Harrington solicitation (Ex. 47); the April 14, 2026 contempt citation (Ex. 52); continuing protected activity (Dkt. 324). |
| Conspiracy under § 1985(3) requires racial or class-based animus, and the Tenth Circuit does not extend it to political groups (at 15–16). | The conspiracy is re-pleaded under 42 U.S.C. § 1983 (Exhibit A ¶ 56), which has no class-animus element, and a standalone claim is pleaded under the first clause of § 1985(2) (Exhibit A ¶ 73), which requires no class-based animus. *Kush v. Rutledge*, 460 U.S. 719 (1983). |

| **Finding (Dkt. 283)** | **Cure or Answer** |
|---|---|
| Fraud (state law): supplemental jurisdiction declined solely because the federal claims were dismissed (at 18). | The claim revives with the federal claims and is pleaded with Rule 9(b) particularity as to the February 22, 2019 Share Exchange Agreement and the July 31, 2019 share issuance (Exhibit A ¶ 57). |
| Younger abstention bars the claims against the State Defendants (at 18–20). | No claim or prayer in Exhibit A asks the Court to enjoin, invalidate, or set aside the state proceeding (Exhibit A ¶ 2; Prayer). If abstention reached a surviving damages claim, the disposition is a stay, not dismissal, *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023); and the bad-faith, harassment, and retaliation exception applies on the three-factor showing set out in Response Part V. |
| The Eleventh Amendment bars monetary recovery against the State of Colorado, the Office of the Attorney General, and the official-capacity defendants (at 20–21). | Neither the State of Colorado nor the Office of the Attorney General is a defendant in Exhibit A. Damages are sought against individuals in their individual capacities only, *Hafer v. Melo*, 502 U.S. 21 (1991); official-capacity relief is prospective only, *Ex parte Young*, 209 U.S. 123 (1908). |
| Plaintiff's motion for summary judgment should be denied as moot (at 22). | Denied without prejudice by the Order (Dkt. 326 at 20); it may be refiled if claims remain after the Court's ruling. No cure required. |