IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-00708-PAB-NRN

JOHN R. MCKOWEN,

Plaintiff,

v.

GREG HARRINGTON, *et al.,*

Defendants.

---

**STATE DEFENDANTS'[1] RESPONSE TO PLAINTIFF'S MOTION TO AMEND [DOC. 330]**

---

## Introduction

John McKowen committed securities fraud.[2] He thinks there should be no consequences for his security fraud. Unfortunately for McKowen, his proposed second amended complaint sets forth many distinctions from his first amended complaint, but no differences. There is no combination of factual or legal arguments that allows him to wield this Court as a shield from his state court troubles. Amendment is futile, and the motion should be denied.

[1] This response is filed on behalf of all "State Defendants": Attorney General Philip Weiser, Securities Commissioner Tung Chan, First Assistant Attorney General Robert Finke, and Senior Assistant Attorney General Jennifer Hunt.
[2] Nothing in any of McKowen's pleadings disputes that he committed securities fraud.

No matter how McKowen contorts his pleadings, the same abstention triumvirate reigns supreme: *Younger*, *Rooker-Feldman*, and the Anti-Injunction Act.[3] To the extent McKowen seeks to enjoin enforcement of a state judgment, *Younger* requires abstention. To the extent McKowen seeks a state judgment be declared unenforceable, *Rooker-Feldman* blocks the attempt. And no matter what doctrine he twists to his situation, the Anti-Injunction Act cautions against any interference into state proceedings.

His pivot from official claims to individual fairs no better. Although he attempts to plead around *Eleventh Amendment* immunity, he runs into *other* immunities, both qualified and absolute. His Fifth Amendment and due process claims also collapse because he fails to identify a proceeding—either threatened or ongoing—for which he lacked notice or otherwise lacked due process. Finally, his federal witness claims are also futile, because he fails to tie any of his federal rights to State Defendants' actions, and his "criminal referrals" occurred after the contempt proceedings began.

McKowen failed to establish any exceptions to the myriad doctrines requiring abstention. He cannot plead around the core of his complaint: using federal courts to stop Colorado from disciplining him for the securities fraud he committed. No doctrine allows federal courts to stop Colorado from assessing Constitutional, legitimate

[3] State Defendants incorporate their arguments from their Motion to Dismiss the First Amended Complaint [Doc. 209], Reply in Support of their Motion to Dismiss [Doc. 248], Response to McKowen's First Injunction Request [Doc. 152], and Response to McKowen's Second Injunction Request [Doc. 305]. For the same reasons outlined in those filings, McKowen's proposed second amended complaint would be futile.

discipline on McKowen for securities fraud and enforcing a valid state court judgment. The motion should be denied, and this case should be dismissed with prejudice.

**Proposed Amendments**

McKowen's first amended complaint alleged the following claims against State Defendants: (1) Violation of Due Process, Denial of Notice and Hearing (42 U.S.C. § 1983) [Doc. 49 ¶¶ 72–76]; (2) Violation of Equal Protection – Selective Enforcement (42 U.S.C. § 1983) [*Id.* ¶¶ 77–80]; (3) Retaliation for Protected Activity (42 U.S.C. § 1983) [*Id.* ¶¶ 81–84]; (4) Civil Conspiracy to Deprive Constitutional Rights (42 U.S.C. §§ 1983 and 1985) [*Id.* ¶¶ 85–89]; (5) Fraud and Constructive Fraud (state law) [*Id.* ¶¶ 90–94]; (6) Declaratory Relief—Invalidity of Stipulation, Bankruptcy Filings and Adversary Proceedings [*Id.* ¶¶ 95–98]; and (7) Civil RICO (18 U.S.C. § 1962) [*Id.* ¶¶ 99–116]. This Court dismissed those claims. [Docs. 283, 326.]

McKowen's proposed second amended complaint omits the State of Colorado[4] as a defendant and instead pursues the following claims against State Defendants: (1) Enforcement of the Federal *Paulson* Judgment (Supremacy Clause) and Declaratory Relief against State Defendants in official capacity (28 U.S.C. §§ 2201–2202) [Doc. 330-1 ¶¶ 46–53]; (2) Denial of Due Process against State Defendants in individual capacity (42 U.S.C. § 1983 and Fourteenth Amendment) [*Id.* ¶ 54]; (3) First Amendment Retaliation and Selective Enforcement (individual capacities) (42 U.S.C. § 1983) [*Id.* ¶ 55]; (4) Conspiracy to Deprive Civil Rights (individual capacities) (42 U.S.C. § 1983) [*Id.*

[4] McKowen has not conferred regarding, nor formally sought, dismissal of all his claims against the State of Colorado.

¶ 56]; (5) and (6) are claims against other defendants; (7) Fifth Amendment Takings – Prospective Relief (official capacities) (*Ex parte Young*) [*Id.* ¶ 72]; and (8) Conspiracy to Intimidate and Retaliate Against a Federal-Court Party and Witness (individual capacities) (42 U.S.C. § 1985(2)) [*Id.* ¶ 73].

McKowen's requested relief includes: (1) declare that certain property rights cannot be impacted by other litigation [*Id.* ¶ 74(a)]; (2) declare that the *Chan* judgment is unenforceable [*Id.* ¶ 74(b) and (e)]; (3) declare that McKowen owns certain state property rights [*Id.* ¶ 74(d)]; (4) enjoin State Defendants from attempting to collect amounts McKowen owes under the *Chan* judgment [*Id.* ¶ 75]; (5) award compensatory and punitive damages against State Defendants in their individual capacities [*Id.* ¶¶ 76, 78]; and (6) award treble damages, costs, and attorney's fees [*Id.* ¶ 77].

## Argument

### I. *Younger* still bars McKowen's sought relief.

*Younger* abstention[5] bars McKowen's requested relief, because (1) *Chan*[6] is an "ongoing state" civil proceeding, (2) the state court is an "adequate forum to hear the claims" McKowen raised in his federal complaint; and (3) *Chan* involves "important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quotations omitted). "*Younger* abstention is jurisdictional." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). This applies to the

---

[5] From *Younger v. Harris*, 401 U.S. 37 (1971).
[6] *Tung Chan v. Two Rivers Water and Farming Co. et al.*, Denver District Court no. 2021CV033922 (the "state court action" or "state action" or "*Chan*").

declaratory claims as well, because "the Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012); 28 U.S.C. § 2201.

As the district court noted when it denied McKowen's first injunction request, *Chan* fits into the second *Sprint* category, "because it was brought by the Securities Commissioner for the State of Colorado, Tung Chan, to sanction plaintiff for his violation of the Colorado Securities Act." [Doc. 193 at 7 (citing *Sprint Comm'ns v. Jacobs*, 571 U.S. 69, 79-80 (2013))]. Further, this Court's previous conclusion that *Younger* bars McKowen's attempts to halt *Chan* and its enforcement is now law of the case. *United States v. Trent*, 884 F.3d 985, 994 (10th Cir. 2018) ("Under the law of the case doctrine, when a court decides upon a ruling of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quotations omitted)).

Further, McKowen has had—and will have— "an adequate opportunity to raise federal claims in state court." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). This includes his arguments regarding due process [Doc. 330-1 at 29], selective enforcement [Doc. 330-1 at 32], denial of rights [Doc 330-1 at 34], and all his other claims against State Defendants. Attempting to seek a declaratory judgment that *Chan* enforcement is impermissible, rather than seeking to enjoin the *Chan* judgment itself, leaves this analysis unaltered. McKowen still wants the same thing—to get off scot-free—but *Younger* requires abstention.

No exception to *Younger* applied before, and none applies now. Where "nothing in the record" suggests that McKowen was sued "other than in a good-faith attempt" to enforce Colorado laws, no injunction or declaration of unenforceability may issue. *Perez v. Ledesma,* 401 U.S. 82, 85 (1971).

## II. *Rooker-Feldman* bars McKowen's sought relief.

*Rooker-Feldman*[7] bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[8] *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A federal district court cannot review matters that a state court decided or provide relief that is "inextricably intertwined" with the state court decision. *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1108 (10th Cir. 2000). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Feldman*, 460 U.S. at 486.

In seeking a declaration from this Court that *Chan* is unenforceable, McKowen wants this Court to sit as an appellate court over the state court, based on McKowen's claim that the state court judgment violates his federal rights. But "*Rooker-Feldman* precludes McKowen's action" because "the relief requested in the federal action would

---

[7] From *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).
[8] As McKowen is now moving to amend his complaint after the *Chan* judgment issued, *Rooker-Feldman* blocks that attempt.

effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

### III. The Anti-Injunction Act still bars McKowen's requested relief.

The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings unless one of three narrow statutory exceptions applies. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Federal courts can enjoin state court proceedings only if "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because none of those exceptions applies, this Court should allow "state courts to proceed in an orderly fashion to finally determine the controversy" with review "through the state appellate courts and ultimately [the U.S. Supreme] Court." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, 297 (1970). This includes both pending state court actions and any actions that may be filed in state court.

Additionally, McKowen's failure to exhaust his remedies at law through Colorado's state appellate process "precludes any intervention by the lower federal courts now." *Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). Any doubts as to whether an injunction is proper "should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.

The relitigation exception to section 2283 is "strict and narrow" and can be used only to enjoin state proceedings that directly involve claims or issues that "actually have been decided by the federal court." *Chick Kam Choo*, 486 U.S. at 148. A federal court's

judgment precludes relitigation only by the "parties to a suit." *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011). The *Paulson* settlement resolved private parties' damages claims—as GrowCo securities holders—against McKowen for violations of Colorado securities and common law. State Defendants were not parties to *Paulson*, and it cannot bind them. *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13–14 (1945) (only parties to an injunction or restraining order are bound by it).

## IV. *Ex parte Young* does not apply because his proposed second amended complaint does not seek prospective relief.

*Ex parte Young* is inapplicable because the proposed complaint fails to allege "an ongoing violation of federal law" and fails to seek relief that can "properly" be "characterized as prospective." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (citation omitted). Although McKowen claims his relief is prospective only, he seeks to enjoin an existing state court order (or rather, seeks a declaration that it is unenforceable—a distinction without a difference). Additionally, the amended complaint fails to allege an ongoing violation of federal law, and *Ex parte Young* "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." *Buckwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998). Nothing in *Paulson* or federal law can halt *Chan* or its enforcement under *Ex parte Young*. The motion should be denied as futile.

## V. Defendants Weiser, Finke, and Hunt are entitled to absolute immunity as state attorneys acting as advocates.

Defendants Weiser, Finke, and Hunt are immune from civil liability on McKowen's claims for their roles in prosecuting the securities claims against him in state court. The

Supreme Court has stated that such immunity is "necessary to assure that judges, *advocates*, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou,* 438 U.S. 478, 512 (1978) (emphasis added). Under so-called "prosecutorial immunity," state actors are absolutely immune from claims based on their activities that are "intimately associated with the judicial . . . process." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

Absolute immunity thus protects State Defendants government attorneys from McKowen's damages claims based upon the *Chan* litigation. *See, e.g., Murphy v. Morris,* 849 F.2d 1101, 1104-05 (8th Cir. 1988) (assistant attorney general was immune from a section 1983 suit for the introduction of evidence in a prior section 1983 suit). As attorneys acting in their function as trial or appellate advocates, Defendants Weiser, Finke, and Hunt are entitled to absolute immunity. *Rodriquez v. Weprin*, 116 F.3d 62 (2d Cir. 1997).

**VI. State Defendants are entitled to qualified immunity.**

Even if absolute immunity is inapplicable, all State Defendants are also entitled to qualified immunity. As state officials performing discretionary functions, State Defendants are each entitled to qualified immunity. Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (internal citation omitted). If there has been any violation of McKowen's federally protected rights, individual State Defendants are

entitled to qualified immunity. McKowen cannot show that State Defendants violated any of his clearly established rights. *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

### VII. McKowen received due process and has not been deprived of property without due process.

It is unclear what process McKowen thinks he was owed but did not receive. He had, and still has, an opportunity to challenge the *Chan* stipulation's[9] validity and impact in state court. He participated in a two-week trial including the stipulation, and he still has a pending state appeal from that trial. McKowen received an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotations omitted). It is also unclear how SAAG Hunt's email stating that any settlement would require McKowen to agree to an injunction is a deprivation of his rights. [Doc. 330-1 ¶ 54.]

McKowen identifies no on-going suits affecting his "property rights" that fail to afford him due process. He claims his "property" includes "(a) his recorded secured beneficiary interest under Deed of Trust, Reception No. 404224 (Ex. 6); (b) the GCP-1 Preferred priority-of-repayment right that deed secures under Section 13.03(c) of the GCP-1 Operating Agreement (Ex. 4); and (c) the *Paulson*-preserved right to collect amounts due under the GrowCo securities[.]" [Doc. 330-1 ¶ 47.] But setting aside the questions of whether McKowen owns those rights (he likely does not) and whether those rights qualify as property rights (also likely not), McKowen's proposed second amended complaint fails to allege any ongoing action to affect those rights for which he

[9] The "*Chan* stipulation" refers to Doc. 49-2, the stipulation between Tung Chan and several defendants in the state court action.

lacks notice or that would otherwise violate his due process rights. The *Chan* stipulation allocates proceeds from transactions that have not occurred, and only from "any sale of *company* property." [Doc. 330-1 ¶ 72.]

There is no reason for the Court to take McKowen's word that, if a state court action affects McKowen's property rights, such action would occur without notice or process to McKowen. Because McKowen failed to allege any actual deprivations, threatened or ongoing, he failed to state claims for deprivation of his property rights.

## VIII. McKowen was not retaliated against for his First Amendment activities nor for being a federal witness.

Nowhere does McKowen tie any of his alleged First Amendment activities to the lawsuit against him for securities fraud. [Doc. 330-1 ¶ 55.] He was sued for securities fraud because he committed securities fraud. His proposed second amended complaint, just like his prior complaints, fails to allege specific facts that are "at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist*., 158 F.3d 1022, 1026 (9th Cir.1998).

His claim for "conspiracy to intimidate and retaliate against a federal-court party and witness" is similarly futile. [Doc. 330-1 ¶ 73.] McKowen filed for bankruptcy after *Chan* had begun. At no point has anyone threatened him to cease protected activities. Bankruptcy or not, he must comply with the *Chan* judgment. Filing a detailed scheme to violate that judgment in bankruptcy court is valid evidence for his contempt proceeding—for which he received notice and continues to receive due process, including appointment of counsel. And as documented previously, nothing in the motion for contempt requests an order forcing McKowen to retract his bankruptcy filings.

McKowen's "criminal referrals" on June 11, 2026, *after* the contempt proceeding began, offer no protection. McKowen again fails to demonstrate that any of his alleged harm results from his referrals of State Defendants for federal prosecution.

**Conclusion**

McKowen's proposed second amended complaint seeks the same functional relief as his prior complaint: get the federal court to stop the state court. That relief is barred by *Younger*, *Rooker-Feldman*, and the Anti-Injunction Act. His pivot to individual claims is barred by qualified and absolute immunity. He fails to identify any proceeding or action by State Defendants that denied him due process. And his federal witness claims fail due to their timing and McKowen's failure to connect violations of his federal rights to State Defendants' actions. McKowen's proposed amendment is thus futile, and State Defendants respectfully request that this Court dismiss this case with prejudice.

Respectfully submitted this 17th day of August 2026.

PHILIP J. WEISER
Attorney General

s/ *Zach W. Fitzgerald*
Zach W. Fitzgerald
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Email: Zach.Fitzgerald@coag.gov
Telephone: 720-508-6000
Attorney for State Defendants
*State of Colorado, Attorney General Philip Weiser, Securities Commissioner Tung Chan, First Assistant Attorney General Robert Finke, and Senior Assistant Attorney General Jennifer Hunt*
*Counsel of Record

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2026, a true and correct copy of the foregoing **STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND [DOC. 330]** was duly filed and served upon the following parties via U.S. Mail and through the CM/ECF system which will send notification of such filing to the following:

*Plaintiff*
John R. McKowen
2831 St Rose Parkway
Suite 200
Henderson, NV 89052
303-248-6883
john@johnmckowen.com

*Defendant*
Wayne Harding
22586 E Weaver Dr
Aurora, CO 80016
wayne@wayneharding.com

*s/LaTasha Canty*
LaTasha Canty